(No. 13015.—Reversed and remanded.)

ADELBERT B. WALKER, Appellant, *vs.* ARTHUR COOK, Exr.
*et al.* Appellees.

*Opinion filed October 23, 1920.*

1. WILLS—*court's order of probate is binding on notified parties
though an unknown heir was omitted.* Although a petition for the
probate of a will fails to state that there are unknown heirs, if the
petitioner has exercised good faith and diligence in making par-
ties to his petition and has no knowledge that there are any un-
known heirs, the fact that such heirs are subsequently discovered
does not deprive the court of jurisdiction of the subject matter and
the order of probate is binding on all notified parties in interest.

2. SAME—*order of probate may be set aside as to the interest
of an heir not notified.* Since the act of 1897 a proceeding to pro-
bate a will is *inter partes,* in which the rights of the parties are
adjudged, and an order of probate may be set aside as to the in-
terest of an heir who is not notified of the proceeding and may
at the same time be binding upon all parties who are notified.
(*Lewark* v. *Dodd,* 288 Ill. 80, followed.)

3. SAME—*all matters of probate are equitable—statutory juris-
diction.* All probate matters are equitable in their nature, but
the jurisdiction conferred by sections 7 and 21 of the Wills act
is statutory.

4. SAME—*petition to set aside probate need not show ground of
defense.* An unknown heir who was not notified in any way of
the probate of a will may maintain proceedings to have the order
set aside as to his interest, and it is not necessary that his petition
should show that he has a valid objection or ground of defense
against the probate of the will.

5. SAME—*who should be made parties to petition to set aside
probate.* All persons who were parties to the proceeding by which
a will was admitted to probate are entitled to notice before a hear-
ing is had on a petition to set aside the order of probate by an heir
who was omitted from the original proceeding, and the court should
not proceed to a disposition of the cause if there are necessary
parties not before the court.

DUNN, J., dissenting.

APPEAL from the Circuit Court of Henry county; the
Hon. FRANK D. RAMSAY, Judge, presiding.

KENWORTHY, DIETZ, SHALLBERG, HARPER & SINNETT, for appellant.

HARRY E. BROWN, and BARTLETT S. GRAY, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

William Walker died on February 9, 1913. He had never been married, and his heirs were two brothers and a sister, eleven nephews and nieces, and the appellant, Adelbert B. Walker, and his sister, who were the children of a deceased nephew. The decedent left an instrument purporting to be his will disposing of all his property (except legacies to certain of his heirs amounting to $1600) in trust for the use of a hospital in Geneseo. On February 15, 1913, Arthur Cook, the executor named in the instrument, presented it to the county court of Henry county, together with a petition for its probate purporting to state the names of the heirs-at-law and legatees and their respective places of residence, so far as known. The names of the appellant and his sister were not mentioned in this petition and they had no notice of the proceeding. There was no statement that the names or the places of residence of any of the heirs-at-law or legatees were unknown and no publication of notice to such heirs. The other heirs were all notified, and on March 31 the county court ordered the instrument admitted to probate and recorded as the will of William Walker. The heirs named in these proceedings contested the will but the appellant and his sister were not parties to that proceeding. The contest failed and the decree dismissing the bill was affirmed at the June term, 1916. (*Walker* v. *Struthers,* 273 Ill. 387.) Adelbert B. Walker was under eighteen years of age when William Walker died. On January 23, 1917, a few weeks before he became twenty-two years of age, he filed a petition in the county court to set aside the order admitting the will to probate, on the ground that he had not been notified of the application for probate and had not entered his appear-

ance and that the order was therefore void. The county court denied the petition, the circuit court, upon appeal, also denied it, and the petitioner has appealed to this court.

It is contended by appellant that by reason of the failure to name him as one of the heirs-at-law in the petition to probate the will the county court was without jurisdiction to admit the will to probate and the order of probate was therefore void. It is contended, on the other hand, by the appellees that appellant was unknown to the petitioner in the petition to probate the will, and that as he used due diligence to ascertain who all the heirs were, and there was no willful neglect or fraud on the part of the petitioner, his failure to name the appellant did not affect the jurisdiction of the court.

Section 21 of the chapter on wills, as amended, provides that before any will shall be admitted to probate the person desiring to have the same probated shall file a petition in the probate court of the proper county asking that the will be admitted to probate. That section provides that the petition shall state the time and place of the death of the testator and the place of his residence at the time of his death, also "the names of all the heirs-at-law, legatees and devisees with the place of residence of each, when known, and when unknown the petition shall so state." There is no question raised here but that appellant is an heir-at-law of the testator, William Walker. It is also established that he was given no notice of the petition to probate the will, and the question raised on this record is whether or not the failure to name the appellant as an heir-at-law in the petition for original probate of the will renders the probate invalid and void. Prior to the act of 1897 a proceeding to probate a will was a proceeding *in rem,* and the statute did not require the giving of notice to anyone. Since the passage of the act of 1897 the proceeding has been regarded as a proceeding *inter partes. Mosser* v. *Flake,* 258 Ill. 233; *Schofield* v. *Thomas,* 231 id. 114.

Appellant urges that the county court sitting in probate cannot take jurisdiction to probate a will unless all of the heirs-at-law of the deceased are made parties. The jurisdiction of the court over the subject matter is provided for by the statute requiring that when a petition is filed it shall contain the names of the heirs-at-law, devisees and legatees. The act places on the petitioner the duty of naming all the heirs-at-law of the deceased, but to say that it requires him to name heirs-at-law of whose existence he knows nothing and of which he upon diligent inquiry cannot learn would be to require that the petitioner do the impossible. Where it is shown that the petitioner diligently and in good faith has endeavored to learn the names and addresses of all of the heirs-at-law of the deceased, the court before whom the petition is filed has no way of knowing, except on the hearing thereof, that there exist heirs-at-law who have not been made parties, and it appearing to the court that all had been made parties, the statute places on the court the imperative duty to proceed to a hearing on the petition, and for that purpose confers on the court jurisdiction of the subject matter and of the parties notified. To hold otherwise would be to say that because an unknown heir-at-law might possibly appear, the court cannot take jurisdiction of the subject matter in any case without notice to unknown heirs. Such a procedure is not provided for or contemplated by the act except in cases where the petition states that there are unknown heirs. Such a rule would require notice by publication in every case, in spite of the fact that the petition and the proof showed there were no unknown heirs-at-law. To say that, notwithstanding good faith and diligence on the part of the petitioner and proof before the court that all of the heirs-at-law had been made parties to the petition, an heir not made a party may, years afterwards, set aside the entire probate of the will on the ground that the court had no jurisdiction whatever to probate the will, would be to announce a rule which

would result in unsettling estates and destroying titles years after the probate of wills and the closing of estates. Such, we believe, could not have been the contemplation or intention of the legislature.

In *Wright* v. *Simpson,* 200 Ill. 56, the petitioner in the matter of probate knowingly omitted the name of Ida Simpson, an heir-at-law, and she had no notice of the petition. This was held to be fraud and the entire probate was set aside. In *Floto* v. *Floto,* 213 Ill. 438, the court set aside the probate of the will on the ground that the names of heirs who were known and whose whereabouts was known were omitted from the petition, the court there saying: "Here were heirs that were known and could not be placed in the designation of unknown heirs. Their whereabouts was known. They were entitled by the statute to have notice of this probate. They did not have it and the court did not have jurisdiction to enter probate without it." In *Mosser* v. *Flake, supra,* where the subject was thoroughly discussed, the trustees of Hedding College were named in the will and in two of the codicils and omitted as beneficiaries under a subsequent codicil. They were not given notice of a petition to probate the will. The probate of the will in that case was set aside, the court there saying: "It necessarily follows that they were knowingly left out of the petition for the probate of the will. Where that is the case it has been held that there is an absence of jurisdiction, and an order admitting a will to probate will be set aside and declared of no effect when the want of jurisdiction is brought to the attention of the court."

It will be seen that in all these cases the petitioners knowingly omitted the names of heirs-at-law or devisees. Such omission constituted fraud in law, and a judgment or order secured upon fraud can be vacated at any time. (*Wright* v. *Simpson, supra; Edson* v. *Edson,* 108 Mass. 590.) A court may always protect its own dignity and prevent using the court to perpetrate a fraud. In the in-

stant case, where good faith and diligence are shown, the rule with reference to fraud in securing the probate of the will does not apply, and we are of the opinion that it was the intention of the legislature that where such proof was made the court should take jurisdiction of the subject matter of the petition to probate the will, and that its order of probate, when entered, should be binding on all parties in interest who have had notice of the petition. The legislature by the act of 1897 having changed the proceeding from one *in rem* to one *inter partes,* the proceeding has become one in which the rights of parties are adjudged and all parties in interest are entitled to notice before their rights can be determined. It is a fundamental rule of law, applicable alike to all courts and proceedings, whether under a general or statutory jurisdiction, that courts can not adjudicate the rights of parties without first acquiring jurisdiction of the persons of such parties. An heir-at-law is made such by the laws of descent, and his rights should not be taken from him without notice and an opportunity to have his day in court.

The probate and county courts are vested with authority to hear and determine the property rights of individuals arising by the death of one who has made a will or attempted to do so. Under the law in relation to wills as it now exists, parties in interest have but one year from the date of probate in which to file a bill to contest the validity of the will. The order of probate, by fixing the time in which a will may be contested, is an order affecting the rights of the heirs-at-law.

Appellant urges that a will must be probated *in toto* or not at all; that it is an anomaly to say that it is probated as to some of the heirs and not as to others. This might be urged with more force if the probate of the will were still a proceeding *in rem* and not *inter partes.* In *Lewark v. Dodd,* 288 Ill. 80, this court construed a proviso of section 7 of the Statute of Wills. An heir-at-law who was a

minor at the time the will was probated filed a bill to contest the will within a year after arriving at legal age. It was there held that the will should be set aside only as to the interest of the minor in question and that as to all other parties the will should stand.

Appellant seeks to distinguish the *Lewark case, supra,* from the case at bar on the ground that the jurisdiction conferred on the courts under section 7 of the Wills act is an equitable jurisdiction, while that conferred by section 21 is strictly limited to the language of the statute. We are not impressed with the force of this argument. The jurisdiction conferred by both sections is statutory and yet all probate matters are equitable in their nature. (*Sebree* v. *Sebree,* 293 Ill. 228; *Grier* v. *Cable,* 159 id. 29; *Moore* v. *Rogers,* 19 id. 347.) We are of the opinion that the reasoning applied in the *Lewark case* applies with equal force to the case at bar.

One of the fundamental purposes of the law is to quiet titles to property and to render the same certain. It would be a rule producing much uncertainty in titles to property to say that, regardless of diligence and good faith and an order of court finding that all heirs-at-law, devisees and legatees had been notified of the petition to probate the will, the existence of an heir-at-law not known should overthrow the entire probate of the will. Such a rule would render the transfer of property very difficult, if not impossible, during a period which may extend for more than twenty years. We are of the opinion that the right of the appellant to defend against the petition for probate was not foreclosed by the order of probate, and he has a right to have his objection to the probate of the will, if he has a valid objection, heard in court.

Appellees contend that the probate of the will in this case should not be set aside, even as to the appellant, unless there be some showing that appellant has a good defense against the probate of the will and that another or

different result will be reached. Appellees cite authorities to sustain the contention that a court of equity will not interfere to set aside a judgment unless it appears that the result will be other or different from that already reached. This may be conceded to be the rule where a party is seeking relief from a judgment against him, but such is not the situation here. Appellant is not seeking the aid of a court of equity to relieve him from a debt but is seeking to have restored to him a right taken away from him by the order of probate through no fault of his. As to him the order is void. He is not by any act of his responsible for its having been made. His right as an heir-at-law existed and was without notice to him taken from him. The rule contended for, therefore, does not apply here, and appellant is entitled to have the order of probate set aside as to him upon showing, as he has done by his petition, that the same was entered without notice to him or opportunity to him to be heard.

It is also objected by appellees that appellant did not make all parties in interest parties to his petition. All such devisees and legatees should be made parties. It appears from the record that Helen Richmond, a sister of William Walker and one of the heirs who was notified of the petition for the probating of the will, died after the will was admitted to probate, leaving a will, and that her executor was substituted but her heirs and devisees were not notified of the petition of the appellant to set aside the order of probate. Christina Norris, also an heir who was notified of the application for probate, was not notified of appellant's petition. All persons who were parties to the proceeding by which the will was admitted to probate were entitled to notice before a hearing on the petition to set aside the order of probate. Respondents to the petition objected to the hearing in the circuit court on the ground that all parties interested were not before the court. The court should not have proceeded to a hearing and final disposition

of the cause when it was brought to its attention that there were necessary parties who were not before the court, or should have dismissed the petition without prejudice.

The judgment of the circuit court will be reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*

Mr. JUSTICE DUNN, dissenting.