## POPOVITCH v. KASPERLIK.

### No. 3605.

District Court, W. D. Pennsylvania.

April 11, 1945.

Martin E. Cusick, George Mashank, Samuel Chiccarino, and Service, McNeal, Cusick & Isenberg, all of Sharon, Pa., for plaintiff.

Stranahan & Sampson, of Mercer, Pa., Williams, Stanley & Andrews, of Youngstown, Ohio, and Duff, Scott & Smith, of Pittsburgh, Pa., for defendant.

SCHOONMAKER, District Judge.

This case was removed to this court on petition of defendant, a citizen and resident of the State of Ohio.

The plaintiff has moved to remand the case to the State court on the following grounds:

(1) Said action is an action in rem relating to real property situate in the City of Sharon, Mercer County, Pennsylvania.

(2) Service of process was made upon the defendant pursuant to the Act of April 6, 1859, P.L. 387, 12 P.S. § 1254, which was authorized by special motion of the plaintiff because it related to an action in equity concerning lands situate or being within the jurisdiction of the Court of Common Pleas of Mercer County, Pennsylvania.

(3) Where a State court and a Federal court have concurrent jurisdiction of a cause of action, the first court assuming jurisdiction of the cause of action has exclusive jurisdiction of the same.

The complaint alleges that plaintiff is seventy-seven years old, and is unable to read or write.

The complaint further alleges that plaintiff was fraudulently induced by defendant, his daughter, on September 18, 1941, to execute and deliver to her a deed of all the real estate—being Lot No. 33 in the Lally and Irvine Addition in the City of Sharon, Mercer County, Pennsylvania—on her false representation that the paper he executed was a will, and that if he did not execute such will, the State would take all his property and put him on the street.

994

This deed reserved in plaintiff a life estate in this property, which life estate was cancelled by agreement made in September 1941, but was restored by a later agreement of June 5, 1942.

The complaint further alleges that it was not until after June 5, 1942, the plaintiff discovered that defendant had a full and complete fee-simple title to his property subject to a life estate in himself; that since such discovery plaintiff has endeavored to resume control of his estate, and' has demanded of defendant that she reconvey the property. Defendant has refused so to do.

The complaint asks that the alleged deed of September 18, 1941, and the subsequent agreements of September 1941, and June 5, 1942, be declared fraudulent and void; that defendant be required to execute a reconveyance of said real estate to plaintiff; and that, if in fact she has made any transfer of the same, she be required to pay plaintiff the amount of the consideration received, or to be received therefor.

The plaintiff's contention is that the action is in rem or quasi in rem; and that, therefore, the Court of Common Pleas of Mercer County, Pennsylvania,—where the suit was first brought—has exclusive jurisdiction, and the case is not removable to the Federal court. This contention is without merit.

In the first place, this action is in personam. The plaintiff is asking that the deed delivered by him to defendant be declared fraudulent and void; that the defendant be required to execute a deed to plaintiff for the reconveyance of the property involved; that she be enjoined from conveying the same to any third party; and that if she had already conveyed it to some one else, she be decreed to pay to plaintiff the consideration received.

In the second place, this is a suit of a civil nature, of which this court would have jurisdiction, if originally brought in this court. It is therefore removable to this court under Title 28, U.S.C.A. § 71.

We do not have here a situation where the State court and the Federal court each asserts the right to exercise its jurisdiction with respect to the same subject matter, as in Penn General Casualty Co. v. Pennsylvania, 294 U.S. 189, 55 S.Ct. 386, 79 L.Ed. 850, in which it is held that the court first assuming jurisdiction may exercise jurisdiction to the exclusion of the other. Here we have but a single action, and the only question involved is whether or not it is properly removable to the United States District Court. We are of the opinion that it is, and the motion to remand will be denied. An order may be submitted accordingly on notice to opposing counsel.