**STERNBERG et al. v. ST. LOUIS UNION TRUST CO.**

No. 13479.

Circuit Court of Appeals, Eighth Circuit.

Aug. 26, 1947.

Rehearing Denied Oct. 7, 1947.
Writ of Certiorari Denied Dec. 22, 1947.
See 68 S.Ct. 267.

S. Mayner Wallace, of St. Louis, Mo., for appellants.

Rhodes E. Cave, of St. Louis, Mo. (Fred L. Williams, T. S. McPheeters, and Roland O'Bryen, all of St. Louis, Mo., on the brief), for appellee.

Before SANBORN, JOHNSEN, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

On September 14, 1937, Herman J. Sternberg, who was then a resident of Missouri and unmarried, executed his last will and testament. By this will he provided for the distribution of his automobiles, household property, and personal effects to his surviving brothers and sisters, and devised the residue of his estate, in trust, to St. Louis Union Trust Company and William F. Sternberg, a brother, as co-trustees, to pay the net income of the trust estate in equal shares to his brothers and sisters during their lives with remainders to their children. Broad powers were given the trustees in the management of the trust estate, including the "power to determine whether any money or property coming into their hands shall be considered part of the principal of the trust estate or part of the income thereof."

Sternberg left a substantial estate consisting of real and personal property in Missouri, Illinois, Indiana, and Arkansas. At the time of his death he owned valuable coal-producing land and farm land in Ill-

inois. He was also the owner of all of the capital stock of the Central States Collieries, Inc., and Illinois River Docks, Inc., corporations which held valuable physical assets in Fulton County, Illinois, used in the mining and shipping of coal. Prior to his death he had entered into a royalty agreement with Central State Collieries, Inc., under which that company removed the coal from the Illinois land by the strip-mining process and paid Sternberg a royalty of 15 cents a ton.

On July 31, 1943, Sternberg married Edna Wyman. After his marriage he continued to reside in Missouri until his death on January 10, 1944, survived by his widow and by his two brothers and two sisters, his only heirs at law. The surviving widow, being unprovided for in the will, succeeded to the ownership of one-half of all the testator's realty and personalty.

On January 17, 1944, Sternberg's will was admitted to probate in Missouri, and the St. Louis Union Trust Company qualified as executor. On March 28, 1944, the Trust Company filed the will for probate in Fulton County, Illinois, the county in which the testator's realty was situated, and was appointed ancillary executor. In order to meet estate tax liability, the Trust Company, as executor, liquidated the corporations mentioned above and sold their physical assets for a sum in excess of one million dollars, and caused the royalty agreement to be assigned to the purchaser.

At the beginning of the administration of Sternberg's estate all parties in interest acted upon the assumption that Sternberg's will was valid under Illinois law as it was under Missouri law. On that assumption the Trust Company, when it probated the will in Illinois, did not advise the Illinois probate court of Sternberg's marriage subsequent to the execution of the will, and that court was not aware of the marriage at the time the will was admitted to probate. The rents and profits of the Illinois farm land and the royalties from the coal-mining land were paid one-half to the widow and one-half to the trustees. The heirs at law, including the co-trustee, with the support of the remaindermen, demanded that the trustees, in the exercise of the power granted them by the will, declare these collec-

tions to be income and not capital of the trust estate and distribute them pro-rata to the heirs at law. The Trust Company declined on the ground that the royalties from the coal-mining land, being receipts from a wasting asset, were not properly to be classified as income.

■ Under Missouri law (R.S.Mo.1939, § 522, Mo.R.S.A.) Sternberg's will was not invalidated by his marriage after its execution. But the applicable Illinois statute (Ill.R.S.1945, c. 3, § 197) provides that "Marriage by the testator shall be deemed a revocation of any existing will executed by the testator prior to the date of the marriage." The Trust Company first learned of the Illinois statute in April 1944 after the will had been admitted to probate in Illinois, but at the same time it was advised by reputable Illinois attorneys who had represented Sternberg during his life that the question of the application of this statute to the will of a testator resident in another State had never been decided by the Supreme Court of Illinois and that, in their opinion, Sternberg's will, valid and admitted to probate in Missouri, would also be valid under Illinois law. In reliance upon this advice the Trust Company proceeded with the administration of the estate in Illinois, and continued to collect one-half of the coal royalties and farm income from the Illinois lands.

The heirs at law and beneficiaries under the trust created by Sternberg's will did not discover the Illinois statute until late in the fall of 1944. Up to that time they had pushed their demand for distribution of the coal royalties to the heirs at law as income of the trust estate, thus tacitly at least agreeing with the Trust Company that the Illinois lands passed to the trustees under the will. But, upon discovery of the statute in question, they brought an action in the Circuit Court of Fulton County, Illinois, attacking the validity of the will. This action was instituted on December 18, 1944, and was defended by the Trust Company as executor. One year later on December 18, 1945, the Illinois court entered its judgment holding Sternberg's will revoked as to the Illinois real estate, but valid as to the personal property of the testator. The Trust Company, on advice of its Illinois counsel,

applied to the Illinois probate court for an order directing an appeal from the judgment. The application was unsuccessfully opposed by the heirs at law and the appeal was taken. The ruling of the Illinois Circuit Court was affirmed by the Supreme Court on September 18, 1946, Sternberg v. St. Louis Union Trust Co., 394 Ill. 452, 68 N.E.2d 892.

While the will contest was pending in the Illinois Circuit Court, appellants, on March 17, 1945, instituted this action in the United States District Court in St. Louis against the St. Louis Union Trust Company in its individual capacity and as trustee under the will. Plaintiffs, appellants here, were William F. Sternberg, individually and as co-trustee under the will, the other surviving brother and two sisters, and their children, nine in number. Appellants charged that the Trust Company wrongfully and fraudulently probated the will in Illinois with the intent to secure for itself, as testamentary trustee, possession and control of Sternberg's Illinois realty.

The complaint was in two counts. By the first count, four of the appellants, the surviving brothers and sisters, sought recovery of the Illinois coal-land royalties and farm income in the hands of the Trust Company; and also judgment against the Trust Company in its individual capacity for interest on the Illinois royalties and farm income from the time of receipt thereof by the Trust Company until payment to appellants, for all costs and expenses of the Illinois litigation, and for the prospective increase in income taxes to be suffered by them on account of the Trust Company's alleged wrongful conduct, forcing them to return all of the royalties and farm income in 1946 instead of ratably in 1944, 1945, and 1946. All of the plaintiffs sought a judgment against the Trust Company in its individual capacity for the expenses and costs of the present litigation. In the second count all of the plaintiffs asked for an order removing the Trust Company as co-trustee on the ground of fraud and incompetence in the administration of the trust estate, and because of the alleged hostility existing between the Trust Company and its co-trustee and the beneficiaries of the trust.

The action came to trial in the Federal District Court after the Illinois Circuit Court had held Sternberg's will revoked as to the Illinois realty by the force of the Illinois statute, but valid with respect to the Illinois personalty, and while the Trust Company's appeal from that judgment was pending in the Illinois Supreme Court. Applying the Illinois law as declared by its State court, the Federal District Court awarded judgment against the Trust Company, as trustee, for the principal amount of the royalties and farm income coming into its hands, but denied all claims for damages and refused to remove the Trust Company as co-trustee. All parties appealed. After the judgment in the will contest had been affirmed by the Supreme Court of Illinois, the Trust Company, on leave of court, paid the amount of the judgment against it, with interest, into the registry of the court and dismissed its appeal then pending in this court. On this appeal we are concerned only with the judgment of the District Court denying appellants' claims for damages and refusing to remove the appellee as trustee.

■ Appellants concede that their right to recover of appellee on any of their claims for damages necessarily depends upon the proof of their allegations that appellee's action, in probating Sternberg's will in Illinois and in defending the will contest in that State and the present action, was taken with the fraudulent intent of gathering into its hands, as trustee, property which passed to Sternberg's heirs at law and to which appellee, as trustee, never at any time had any right or title by virtue of Sternberg's will. So far as the children of the heirs at law are concerned, it is clear that they never had any right of action for damages against appellee on the grounds asserted, since all the litigation referred to was conducted in defense of the trust estate to which, by the terms of the will, they succeeded on the death of the heirs at law. And there was a complete failure of proof to establish the charges of fraud on which the heirs at law rely. The argument in their behalf is that appellee was guilty of fraud in not advising the Illinois probate court of the marriage of Sternberg after the execution of his will at

the time the will was offered for probate, in failing to call the marriage of Sternberg to the attention of the probate court after the appellee learned of the terms of the Illinois statute, and in failing to advise the heirs at law of the revocation of the will, of which appellee was executor, by Sternberg's marriage after its execution. On the issue of fraud the District Court found:

"At the time of the filing of the Will for probate in Illinois the defendant knew of the marriage of the deceased after the execution of his Will but did not know of the existence of Section 197, Chapter 3, Illinois Revised Statutes 1945. Shortly after the Will was probated in Illinois defendant learned of said Illinois statute through its local attorneys in Illinois, Messrs. Taff & Putman, and was then advised by said attorneys that notwithstanding said Illinois statute the Will having been probated in Missouri, the residence and domicile of the testator, they felt the Will as a whole would stand in Illinois.

\* \* \* \* \* \*

"Defendant, in regard to the construction as to whether or not the Illinois statute would apply as to the Illinois property, received and acted upon advice from its local counsel in Illinois who were the testator's counsel before his death; also from counsel in St. Louis. Counsel acted in good faith in their opinions and defendant acted in good faith in relying on their advice."

We are unable to find any evidence in the record tending to contradict these findings of the District Court. An honest mistake of law is not evidence of fraud. The will was not revoked as to Illinois personalty. As the District Court declared in its conclusions of law, appellee, as executor of Sternberg's will, was required by Illinois law to offer the will for probate in Illinois and to defend any will contest (Ill.R.S.1945, c. 3, §§ 215, 245). The laws of Missouri impose similar duties upon an executor (R.S.Mo.1939, § 57, Mo. R.S.A.).. The universal rule is that a trustee is required to reduce to possession and to conserve the assets of the trust estate. 3 Bogert on Trusts and Trustees, § 583.

Nor is there any merit in the complaint of appellants that the appellee was under the duty to advise the heirs at law concerning their rights under Illinois law. The duty of the executor was to carry out the intention of the testator and to defend the will as written, and not to advise or assist these appellants in the institution or prosecution of the will contest. These appellants were claiming as heirs at law and not under the will. They received notice from the appellee of the Illinois probate proceedings. They were as much charged with knowledge of the Illinois law as was the appellee. They were represented by counsel. Under Illinois law the will contest could not have been filed until the will was admitted to probate in Illinois. Shelby Loan & Trust Co. et al. v. Milligan, 372 Ill. 397, 24 N.E.2d 157, 160; Sternberg v. St. Louis Union Trust Co., supra, 68 N.E.2d at page 896. And these appellants, if they thought the charge of fraud in the Illinois probate meritorious, were at liberty to move the probate court to vacate or modify its order admitting the will to probate, and to prosecute this action concurrently with the action contesting the will. Walker v. Cook, 294 Ill. 294, 128 N.E. 584, 586; Wright v. Simpson, 200 Ill. 56, 65 N.E. 628, 631. An action by appellants in the probate court to vacate the order admitting the will to probate would have presented for decision by the courts of Illinois the question of the propriety of the probate of Sternberg's will under the laws of that State, a question not involved in the will contest. Shelby Loan & Trust Co. et al. v. Milligan, supra.

Appellants never demanded the Illinois royalties and farm income on the grounds now asserted until near or at the time of the institution of the will contest. Before that time they proceeded under the same mistake as to the Illinois law as did the appellee. They treated the royalties and rents from the Illinois lands as properly payable to the trustee, and their demand for payment to them was not based upon the invalidity of the will under the Illinois statute, but on their interpretation of the power of the trustees to distribute the amounts received from these sources as income to the trust estate. In retaining in its hands the funds in question the appellee acted at all times upon the advice of coun-

sel and in accord with the order of the probate court admitting the will to probate, and in obedience to Illinois law requiring it, as executor, to defend the will contest. It never at any time collected or held the funds in question in its individual capacity, but only as fiduciary under the will. In these circumstances it can not be said that the Trust Company in its individual, as distinguished from its fiduciary capacity, is liable for interest.

The refusal of the District Court to remove appellee as trustee must also be sustained. A trustee appointed by will or deed may not be removed by the courts unless there appears a clear necessity for the removal to save the trust property. In the absence of such a showing the trustee appointed by the settlor can not be removed because of a mistake of judgment nor always for a breach of the trust. Mere hostility between the trustee and the beneficiaries of the trust is alone insufficient in law to require the removal of the trustee. Shelton v. McHaney, 343 Mo. 119, 119 S.W.2d 951, 954; State ex rel. Caulfield v. Sartorius, 344 Mo. 919, 130 S.W.2d 541, 546-547; Mississippi Valley Trust Co. v. Buder, 8 Cir., 47 F.2d 507, 511; Waller v. Hosford, 152 Iowa 176, 130 N.W. 1093, 1094; Wylie v. Bushnell, 277 Ill. 484, 115 N.E. 618; In re Crawford's Estate, 340 Pa. 187, 16 A.2d 521. The cases relied upon by appellants are cases in which the evidence established the action of the trustee imperiling the safety of the trust estate. In the present case there is complete absence of evidence to show the alleged incompetence or fraudulent actions of the appellee as trustee, or any danger to or loss of the trust estate.

The alleged instances of incompetence and maladministration on the part of the trustee relied on as grounds for its removal are: (1) Probate of the will and the defense of the will contest in Illinois; (2) an attempted sale of the Colliery property for an inadequate price; (3) delay in the administration of the estate in Indiana; (4) arbitrary refusal to comply with the request of the life tenants to pay over to them coal royalties as income of the estate; (5) the refusal to distribute the Sternberg Dredging Company dividends to the life tenants; and (6) failure to include testator's household goods in the inventory of the estate.

The probate of the will in Illinois and the defense of the will contest in that State were by the Trust Company as executor and not as trustee, and, as the court below found, were undertaken in good faith on the advice of counsel honestly given as to the executor's duties under the laws of Illinois. The Colliery property was sold for an adequate price satisfactory to appellants. The sale was made by the executor and not by the trustee for the necessary purpose of raising cash to discharge estate tax liabilities. The overwhelming weight of testimony supports the conclusion of the court that the executor never at any time attempted to sell the property for an inadequate price.

The appellee did refuse to pay out the coal royalties as income of the trust estate, but it did so upon advice of its counsel that it had no power under the terms of the trust to take the action requested. The Illinois coal land was mined by the strip-mining process. Coal royalties were derived from this operation which destroyed the value of the land. The appellee on the advice of counsel took the position that the royalties, being proceeds from a wasting investment, were principal and not income. In demanding the distribution of the royalties appellants did not claim that the royalties were in fact income of the trust estate required by the terms of the will to be distributed to them. They contended that, under the power given to the trustees to determine whether funds should be considered income or principal, the appellee should have made the distribution upon an arbitrary classification of the royalties as income. The action of the trustee in this matter certainly did not imperil the trust estate.

Appellants' criticism of the administration of the estate in Indiana is trivial. The testator's property in that State was of little value, consisting of a small interest in personal property and some farm land. The record shows that the administration has been closed and the estate has suffered no loss either by the delay in

instituting administration proceedings or by the manner in which they were conducted.

The Sternberg Dredging Company paid dividends in October and December 1944. Upon request of the life beneficiaries the Trust Company paid the first dividend to them, although the period of one year in which claims against the estate could be filed and the will contested had not expired. When the life beneficiaries requested the distribution of the second dividend, the Trust Company at first declined. On December 14 appellants filed an action in the probate court in Missouri to compel distribution. On December 21 and before a hearing on the matter the distribution was made.

The failure of the appellee to include the household furniture in the inventory of the estate is also a charge against the Trust Company as executor and not as trustee. By his will Sternberg left his household furniture to his brothers and sisters. The appellee did not include this property in its inventory of the estate. Its explanation of this failure on its part is that the widow presented it with an affidavit to the effect that the testator had made her a gift of the property in question. It appears that appellants are now prosecuting an action in the probate court in Missouri to compel the appellee to include this property in its inventory. There is nothing in the record to show the value of the household furniture. In any event, the controversy is within the jurisdiction of the Missouri court where it is pending, and both the Trust Company and the widow are responsible to appellants for any loss they may sustain by reason of this action of the Trust Company as executor.

The evidence concerning all of the transactions just discussed was offered by appellants as showing the hostility of the appellee as trustee to his co-trustee and the heirs at law and beneficiaries of the trust estate. We think that this evidence, if it establishes anything beyond the effort of appellee to conserve the estate in its hands, shows the hostility of the brothers and sisters of Sternberg, the recipients of his bounty, to the provisions of his will and the terms of the trust created by him for the benefit of them and their children. This attitude is not unusual in parties situated as are these appellants, but it affords no ground for the removal of the trustee.

The judgment of the District Court is affirmed.