**Allen Hales BUCK, Jr., and Damien Buck, minors, acting by and through their mother and legal guardian, Patricia C. Buck, Appellants,**

v.

**W. T. HALES, Jr., et al., Appellees.**

No. 75–1402.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted April 14, 1976.

Decided June 23, 1976.

Delmer L. Stagner, Halley, Spradling, Stagner & Alpern, Oklahoma City, Okl., for appellants.

Jerry L. Hemry, Oklahoma City, Okl. (Kenneth M. Hemry, and Hemry & Hemry, Oklahoma City, Okl., of counsel, with him on the brief), for W. T. Hales, Jr. and Thelma Hales, as Trustee and as Executrix of the Estate of George A. Hales, appellees.

William G. Paul, Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick,

Oklahoma City, Okl. (John A. Green, Green & Brown, Inc., and Allen D. Evans and Robert A. Reece, Oklahoma City, Okl., with him on the brief), for Viva Oneta Peterson, individually and as Trustee for W. F. Peterson, Jr., and The Liberty National Bank and Trust Co. of Oklahoma City, as Trustee for W. F. Peterson, Jr., appellees.

Michael Paul Kirschner, Oklahoma City, Okl. (Sally Mock, and Hastie, Kirschner & Kinslow, Oklahoma City, Okl., of counsel, with him on the brief), for The First National Bank and Trust Co. of Oklahoma City, appellee.

Francis S. Irvine, Kerr, Davis, Irvine, Burbage & Green, Oklahoma City, Okl., for Ward Edinger, appellee.

Before HILL, SETH and DOYLE, Circuit Judges.

PER CURIAM.

Appellants are two great grandchildren of W. T. Hales who assert they are discretionary income beneficiaries and are residual beneficiaries of a trust created by the will of W. T. Hales. Appellees are the cotrustees of the trust, the individual beneficiaries of the trust, and trustees of the estates of deceased beneficiaries. Appellants sought (1) a judgment against the beneficiaries for income payments made to them which appellants allege were not made in accordance with the terms of the will, and to surcharge the cotrustees for wrongfully making such payments; (2) the imposition of a constructive trust on certain mineral interests now owned by the beneficiaries which were received by them as distributions from the trust, and an accounting for income received from such mineral interests, and a judgment against the cotrustees for the amount of such income not accounted for and paid by the beneficiaries; and (3) a forfeiture of certain rights under the trust by the beneficiaries.

The trial court dismissed the action for lack of subject matter jurisdiction or, in the alternative, abstained from exercising jurisdiction, deferring to the state courts of Oklahoma for resolution of the questions presented.

W. T. Hales died testate in 1938. His estate was probated in the county court of Oklahoma County, Oklahoma. The will created a trust which provided for yearly distributions of income and for partial distribution of corpus to his then living children at intervals following his death. A final distribution of corpus was to be made upon the death of the survivor of his children. The state court has since 1943 construed various terms of the trust in an action filed by the cotrustees, and directed them to follow a certain course of action with respect to the trust res. It has been necessary in the ensuing years for the cotrustees to obtain further directions from the state court concerning administration of the trust estate, and there have been occasional disputes among the beneficiaries and between the cotrustees and the beneficiaries concerning administration of the trust and the exercise of discretion by the cotrustees. Resolving one such dispute in 1959, the state court specifically stated that it "retains and continues jurisdiction . . . in the matter of orders, instructions, determinations and interpretations of the said testamentary trust. . . ." The most recent judgment of the state court construing the trust was entered on March 26, 1975.

In *Swanson v. Bates,* 170 F.2d 648 (10th Cir.), this court held that once the jurisdiction of a state court over the the administration of a trust has attached, such jurisdiction is exclusive. There, a beneficiary to a testamentary trust filed suit in federal court for removal of a trustee, for an accounting, and for construction of the provisions of a will. At the time of the suit the state court held under advisement matters related to the general administration of the trust. Construing the Oklahoma statute pertinent here, 60 Okl.St.Ann. § 175.23, this court held that the proceedings were quasi in rem and, as such, were within the exclusive jurisdiction of the state court. The case involved other issues more directly concerned with the estate and trust than are here concerned, but it is important to this decision. This court in *Southwest Bank & Trust Co. v. Metcalf State Bank,*

525 F.2d 140 (10th Cir.), considered an action arising from the distribution of funds under a mortgage indenture naming the defendant as a trustee. It was purely a suit for damages, and did not relate to the foreclosure, possession or liquidation the state court was undertaking. We there also considered and recognized the *Swanson v. Bates* doctrine as we do here.

Appellants attempt to distinguish their position on two grounds. They argue initially that their suit is an in personam action against the the cotrustees which seeks a personal judgment for the benefit of the trust. They also argue that since their action is in rem only as to assets which have been distributed to the beneficiaries, their suit would not interfere with the administration by the state courts of assets remaining in the trust. The contentions are without merit.

The appellants seek a result which is directly contrary to the direction given the trustees by the state court. It is obvious that this cannot be done. The state court directed the payments in issue and the distribution of the res. This should not and cannot be reviewed in this action.

Considering the in rem argument of appellants that the action is in personam because the assets to be recovered are not in the possession of the state court but have been distributed, we must again reject the position advanced. In *Kittredge v. Stevens,* 126 F.2d 263 (1st Cir.), the court reached the same conclusion. There a purported beneficiary sued the fiduciaries of certain estates seeking an accounting of assets which had been distributed by them out of the trust res. The plaintiff claimed that the action was in personam ". . . because there is no attempt to affect a res subject to the jurisdiction of the state probate court . . . ." 126 F.2d at 266. Affirming dismissal of the suit for lack of federal jurisdiction, the court noted:

". . . *Princess Lida v. Thompson,* supra [305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285], would seem to hold that where the 'contentions are solely as to administration' a federal court has no jurisdiction over the suit even though the complainant may not be asking the court to grant relief which would immediately affect a res within the custody of a state court. If the issues presented by the complainant involve a consideration of the actual handling of the trust property by the fiduciaries, then the federal courts would appear to have no jurisdiction." 126 F.2d at 267.

The gravamen of appellants' complaint is that the cotrustees have mismanaged the trust in contravention of the provisions of the decedent's will. The suit would involve not only a determination of the propriety of the cotrustees' action, but of necessity would also require construction by the lower court of the terms of the trust instrument itself. In light of the state court's prior attached jurisdiction in matters related to administration of the trust and announced retention of jurisdiction, the lower court was correct.

AFFIRMED.