**FLORIDA FIRST NATIONAL BANK OF JACKSONVILLE, as Corporate Trustee of the Julia Gustafson Bagley Trust, et al., Plaintiff,**

v.

**Thomas W. BAGLEY et al., Defendants.**

**No. 79–725–Civ–J–WC.**

United States District Court,
M. D. Florida,
Jacksonville Division.

April 10, 1980.

Thomas R. Prewitt and Edward M. Kaplan, Armstrong, Allen, Braden, Goodman, McBride & Prewitt, Memphis, Tenn., John H. Wilbur and James F. Valenti, Jr., Milam & Wilbur, Jacksonville, Fla., for defendants.

E. Earle Zehmer, Bedell, Bedell, Dittmar & Zehmer, James H. Sheehan, Fisher & Sheehan, Jacksonville, Fla., for plaintiff.

## ORDER ON MOTION TO REMAND

CASTAGNA, District Judge.

This Court has for adjudication Plaintiff's Motion to Remand the present proceeding back to the Circuit Court of Duval County, Florida. The proceeding was originally filed in the Circuit Court on August 7, 1979 by the Florida First National Bank of Jacksonville and E. S. Gustafson, Jr., both citizens of Florida and trustees of the Julia Gustafson Bagley Trust (Trust) against Thomas W. Bagley, a citizen of Tennessee and the surviving husband of Julia Gustafson Bagley, and F. N. Gustafson Amana and Gail Gustafson Wagner, both of whom are citizens of Florida and beneficiaries under the Trust. The suit was filed pursuant to Sections 737.201 et seq., 731.303 and 86.-041, Florida Statutes requesting judicial instructions, declarations and determination of certain questions arising from the administration of the Trust. A hearing was held on Plaintiff's Motion to Remand and also on a Motion to Dismiss filed in a related case styled Thomas W. Bagley, et al v. Florida First National Bank of Jacksonville, as Corporate Trustee of the Julia Gustafson Bagley Trust, et al, 79–726–Civ–J–WC, which is considered in a separate Court Order.

On August 17, 1979, Defendant Bagley filed a petition for Removal in the United States District Court for the Middle District of Florida seeking to remove the cause from state court to federal court pursuant to 28 U.S.C. § 1441 on the basis of diversity of citizenship. To support the removal, Bagley contends that the other Defendants should be realigned as party Plaintiffs as their true and ultimate interests are adverse to his own. This realignment results in all party Plaintiffs being citizens of Florida and leaves Bagley as the only Defendant who is a citizen of Tennessee and thus creates the requisite diversity of citizenship to confer jurisdiction on this Court. The Plaintiff challenges the removal of this cause as improper because all of the Defendants did not join in the removal petition, because there is an absence of complete diversity of citizenship between the parties, and finally because once a state court obtains prior jurisdiction in an in rem or quasi in rem cause, a federal court is without authority to assert jurisdiction.

The propriety of the removal is determined only after the parties have been realigned according to their actual interests in the cause. *City of Indianapolis v. Chase National Bank*, 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47 (1941). The Court is not bound by the technical form of the proceedings in state court, *City of N.Y. v. Evigo Corp.*, 121 F.Supp. 748, 750 (S.D.N.Y.1954); but is obli-

gated to ascertain the underlying substantive interests of the parties in dispute and arrange the parties according to their actual interests in the controversy. *City of Indianapolis, supra.* Further, the proper alignment is determined from an examination of the Plaintiff's pleadings in state court. *Id.*

An examination of the Decedent's will and Trust reveals the actual nature of the parties' interests. Bagley was completely and entirely disinherited from both his wife's will and her Trust. During decedent's lifetime, conveyances were made from her assets to the Trust she created. The Trust instrument makes no provision for Bagley and provides only for the above named beneficiaries. Decedent's will likewise makes no provision for her husband and further provides for the residue of her estate to be transferred to the Trust. All the beneficiaries and successor beneficiaries of the Trust except one, were named Defendants along with Bagley in the state court complaint. The one exception is E. S. Gustafson, Jr., who is named as a first successor individual trustee under the Trust and was already named as a Plaintiff in the state court complaint, as he has succeeded at least temporarily to that position.

What Bagley ultimately seeks from the Trust is contrary to the interest of the other originally named Defendants. Defendant, Bagley, in his original answer to the removed Complaint, and in Crossclaim and Counterclaim seeks to void the Trust and also seeks to set aside the assets the decedent conveyed to the Trust and that they be returned to the decedent's estate. Defendant has sought leave to amend the Complaint, Crossclaim and Counterclaim. The requested amendment changes the relief requested to where Bagley only seeks to have the Court determine the extent of his rights and interests in the Trust corpus. Either of the above requests for relief can only ultimately result in a gain to Bagley with a corresponding loss to the other beneficiaries. It is quite clear that the interests of Thomas W. Bagley are diametrically opposite from those of the other named Defendants and trustees. The Defendants other than Bagley should be aligned as party Plaintiffs in that the true interests of all other Defendants in the subject matter and in the outcome of this litigation are identical and those identical interests are adverse and directly opposed to the interests of Defendant Bagley. This rearrangement of the parties properly reflects the true interests of the parties involved.

Having determined the proper alignment of the parties, the Court finds that removal was proper in terms of diversity of citizenship and in consent to remove. The requisite diversity is established for purposes of removal since Bagley is a citizen of a state other than Florida as well as of a state different from the Plaintiffs. Consent is implicitly found since the above realignment leaves Bagley as the lone defendant who sought removal in the first place.

The next consideration is whether the cause filed in the Circuit Court is a proceeding in personam or quasi in rem. The acquiring of quasi in rem jurisdiction by the Circuit Court would preclude removal and prevent this Court from asserting jurisdiction. *Glenmede Trust Company v. Dow Chemical Company,* 384 F.Supp. 423 (E.D.Pa.1974).

Which jurisdiction was acquired by the Circuit Court is resolved by this Court's characterization of the proceeding. The general rule is that the proceeding's characterization is determined by its nature and purpose. *Zellen v. Second New Haven Bank,* 454 F.Supp. 1359 (D.Conn.1978).

The trustees in their complaint seek a judicial determination, instructions, and a declaration that the Trust is valid and that the assets of the Trust may be administered by the trustees in accordance with the terms of the Trust free and clear of any claim by Thomas W. Bagley. "A proceeding quasi in rem is any action between parties where the direct object is to reach and dispose of, or to adjudicate title or status of property owned by the parties, or of some interest claimed by them, and duly put in issue by the allegations of the plead-

ings therein." *State ex rel. South Brevard Drainage District v. Smith*, 126 Fla. 72, 170 So. 440, 441 (1936). On the other hand, the purpose of an in personam action is to obtain a judgment against a person rather than to obtain a judgment determining the status and disposition of property. *Zellen, supra.* The trustees' requested relief shows that its purpose is to secure title to the Trust's assets so to be able to make distribution to the beneficiaries in accordance with the terms of the Trust. The trustees' complaint does not seek a judgment against anyone but rather a judgment disposing of all questions concerning the rights of various parties or the status of the disputed validity of the Trust which would allow the trustees to freely administer the Trust. Therefore, the trustees' complaint must be construed to be a quasi in rem proceeding leaving this Court without subject matter jurisdiction.

Additionally, the Court takes cognizance of the principles that the burden of establishing federal jurisdiction is borne by the party seeking removal, *Winters Government Securities v. NARI Employees Credit Union*, 449 F.Supp. 239 (S.D.Fla.1978); and that any doubts as to the propriety of removal must be resolved against removal. *Cameron v. Hodges*, 127 U.S. 322, 8 S.Ct. 1154, 32 L.Ed. 132 (1888); *Glenmede, supra.* Thus, even if any doubts were to exist about the correctness of the characterization of the trustees' suit and hence jurisdiction, such doubt warrants the remanding of this proceeding. The Court therefore finds that this proceeding was removed improvidently and was without federal jurisdiction and must, therefore, be remanded.

It is therefore

ORDERED:

1. That the Motion to Remand is granted.

2. This cause is remanded to the Circuit Court of Duval County, Florida for all further proceedings herein.

3. The Clerk of this Court is directed to take all necessary measures to effectuate such remand including mailing a certified copy of this Order to the Clerk of the State Court.