In the Matter of the **TRUST CREATED BY Louis W. HILL ON DECEMBER 31, 1917 FOR the BENEFIT of Maud Hill SCHROLL.**

No. Civ. 4–89–902.

United States District Court,
D. Minnesota,
Fourth Division.

Jan. 25, 1990.

Alan I. Silver, and Boyd H. Ratchye, Doherty, Rumble & Butler, Minneapolis, Minn., for petitioner First Trust Nat. Ass'n.

Joseph L. Alioto, San Francisco, Cal., Mark Herrmann, Jones, Day, Reavis & Pogue, Cleveland, Ohio, Robert Bennett, Bennett, Ingvaldson, McInerny & Simons, Minneapolis, Minn., and James M. Dombroski, Petaluma, Cal., for respondent Maud Hill Schroll.

---

**1.** First Trust does not question Maud Schroll's legal competency. It apparently challenges her action because it is "not certain" that she understood the implications of her actions or that she was not unduly influenced.

## MEMORANDUM OPINION AND ORDER

DIANA E. MURPHY, District Judge.

First Trust National Association (First Trust) filed a petition in Minnesota state court requesting instructions regarding management of a trust created for the benefit of Maud Schroll. Schroll removed the petition to this court pursuant to 28 U.S.C. § 1441(a) alleging diversity jurisdiction. Now before the court is First Trust's motion to remand this proceeding to Ramsey County District Court pursuant to 28 U.S.C. § 1447(c) or, alternatively, to abstain.

Louis W. Hill established five *inter vivos* trusts in 1917. Three of the trusts still exist. In 1941, First Trust was appointed as trustee of all three trusts. Ronald J. Poole, an investment advisor, was appointed as co-trustee in February 1989.

Schroll is the sole income beneficiary of one of the trusts (Schroll Trust). The Schroll Trust contains assets worth over $120,000,000. Those assets include over 128,000 acres of Oregon timberland which is owned jointly with the other two trusts as tenants in common.

On August 11, 1989, Schroll signed two instruments attempting to remove First Trust and Poole as co-trustees of the Schroll Trust and to appoint two of her children, J. Christopher Schroll and Susannah Schroll, as successor co-trustees. First Trust subsequently initiated this proceeding in Ramsey County District Court. It seeks instructions regarding the validity of the appointment of new trustees [1] and regarding the management of the jointly owned timberland. It also asks the state court to retain jurisdiction over the trust, particularly while assets are held jointly with the other trusts. Schroll removed the petition to this court pursuant to 28 U.S.C. § 1441(a). Jurisdiction is alleged under 28 U.S.C. § 1332.

First Trust also brought proceedings in Ramsey County District Court relating to

the two companion trusts. In those actions, it again seeks instructions regarding management of the jointly owned timberland.

Schroll has also initiated a proceeding in Ramsey County District Court regarding the Schroll Trust. She petitioned the court pursuant to Minn.Stat. § 501.351 to release jurisdiction over the trust. She filed a parallel action in San Mateo County Superior Court asking the California court to accept jurisdiction of the trust.

First Trust moved in this action to remand its petition to the Ramsey County District Court pursuant to 28 U.S.C. § 1447(c). It argues that this court lacks subject matter jurisdiction over the proceeding because it relates to management of a trust and because there is no adversity or diversity for purposes of 28 U.S.C. § 1332. Alternatively, First Trust asks the court to abstain from exercising jurisdiction in this proceeding.

■ On a petition for removal or motion to remand, the removing party bears the burden of showing that jurisdiction is proper. *Abing v. Paine, Webber, Jackson & Curtis*, 538 F.Supp. 1193, 1195 (D.Minn. 1982). If doubt exists regarding the propriety of removal, the case should be remanded.

First Trust contends that the Ramsey County District Court is better suited to address the issues in this proceeding. It states that the Schroll Trust has been under the continuous and exclusive jurisdiction of the state court for the last forty-two years. It maintains that the state court is intimately familiar with the trust and its companion trusts, having issued numerous orders relating to each in the course of its supervision. First Trust further asserts that the issues in this proceeding duplicate those which the state court will be addressing in the proceedings First Trust brought in the two companion cases and in the proceeding brought by Schroll.

First Trust argues that federal courts lack jurisdiction over trust proceedings such as this. It states that the policies supporting the probate exception to federal jurisdiction are present in trust cases and

suggests that the probate exception extends to trusts. Alternatively First Trust suggests that a separate exception exists preventing federal courts from exercising jurisdiction over in rem trust actions. It relies on several cases in which courts have held they lacked jurisdiction in similar circumstances. *E.g., Florida First Nat'l Bank v. Bagley*, 508 F.Supp. 8 (M.D.Fla. 1980); *In re Butler's Trust*, 201 F.Supp. 316 (D.Minn.1962).

Schroll responds that the probate exception does not extend to trusts. She maintains that the only jurisdictional requirements for subject matter jurisdiction in this matter are that the parties be diverse and that the amount in controversy exceed $50,000. Schroll asserts that federal courts have exercised jurisdiction over trust disputes in similar circumstances. *E.g., Sternberg v. St. Louis Union Trust Co.*, 66 F.Supp. 16 (E.D.Mo.1946), *aff'd*, 163 F.2d 714 (8th Cir.), *cert. denied*, 332 U.S. 843, 68 S.Ct. 267, 92 L.Ed. 414 (1947).

The probate exception to federal jurisdiction has a long and unique history. *See* 13B C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3609 (2d ed.1984). While the bases for the doctrine generally apply equally to trusts, First Trust has not cited any authority applying the doctrine to trusts.

■ A second doctrine limiting jurisdiction does apply to trusts, however, and precludes jurisdiction in this case. Where one court has acquired jurisdiction over property, a second court may not exercise in rem or quasi in rem jurisdiction over the same property. *Penn Gen. Casualty Co. v. Pennsylvania ex rel. Schnader*, 294 U.S. 189, 195, 55 S.Ct. 386, 388–89, 79 L.Ed. 850 (1935); *Farmers' Loan & Trust Co. v. Lake St. Elevated R.R.*, 177 U.S. 51, 61, 20 S.Ct. 564, 568, 44 L.Ed. 667 (1900). 1A J. Moore, W. Taggart, A. Vestal, J. Wicker & B. Ringle, *Moore's Federal Practice* pt. 2, ¶ 0.214 (2d ed.1989). The doctrine is necessary to avoid unseemly and unmanageable conflicts between courts of concurrent jurisdiction.

Schroll acknowledges the validity of this doctrine. She argues, however, that the doctrine does not apply to actions which are removed from a state court to a federal court. She contends that removal of an action to federal court does not create any potential conflict with the state court over the property. She relies on cases cited in 1A J. Moore, B. Ringle & J. Wicker, *Moore's Federal Practice* ¶ 0.157[4.–12], at 116 n. 5 (2d ed.1989).

In the cases relied on by Schroll, however, the state court's jurisdiction over the property in question was based solely on its jurisdiction over a particular action.[2] Removal of those cases to federal court eliminated the state court's jurisdiction over the property and did not pose any conflict between the courts. Removal in those instances was therefore appropriate.

In contrast, Minnesota state courts often have continuing jurisdiction and supervisory responsibilities over trusts. The state court's jurisdiction over a trust generally is not based on any particular trust issue, and removal of a proceeding involving a trust will not eliminate the state court's jurisdiction over, or responsibility for, the trust property. Minnesota state courts obtain trust jurisdiction when a petition is filed pursuant to Minn.Stat. § 501.33.[3] Jurisdic-

tion continues over the trust even in the absence of any pending proceedings or disputes.[4] *Kirsch v. Kahn,* 276 Minn. 294, 149 N.W.2d 676, 681 (1967). During this time, the court has responsibility for the trust property. *Atwood v. Holmes,* 229 Minn. 37, 38 N.W.2d 62, 66 (1949) (courts have a duty to exercise affirmative vigilance in protecting trusts). The state court's jurisdiction may be released pursuant to Minn.Stat. § 501.351.[5]

The present proceeding was brought pursuant to Minn.Stat. § 501.35 which permits certain parties to initiate proceedings related to the trust. First Trust could not have initiated this proceeding in this court because the state court already controlled the trust.[6] *Farmer's Loan & Trust Co.,* 177 U.S. at 61, 20 S.Ct. at 568 (1900); *Palmer v. Texas,* 212 U.S. 118, 125, 29 S.Ct. 230, 232, 53 L.Ed. 435 (1909) ("If a court ... by its procedure has obtained jurisdiction over [property], such property is withdrawn from the jurisdiction of [other] courts."). Since this court lacked original jurisdiction over this proceeding, it lacks removal jurisdiction as well. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429–30, 96 L.Ed.2d 318 (1987); 28 U.S.C. § 1441(a).[7] This principle may underlie the

---

**2.** *Missouri ex rel. St. Louis, B. & M. Ry. v. Taylor,* 266 U.S. 200, 45 S.Ct. 47, 69 L.Ed. 247 (1924) (garnishment of accounts due); *Clark v. Wells,* 203 U.S. 164, 27 S.Ct. 43, 51 L.Ed. 138 (1906) (attachment of real property); *Ladson v. Kibble,* 307 F.Supp. 11 (S.D.N.Y.1969) (attachment of insurance policy); *New Jersey v. Moriarity,* 268 F.Supp. 546 (D.N.J.1967) (forfeiture of gambling contraband); *Popovitch v. Kasperlik,* 59 F.Supp. 993 (W.D.Pa.1945) (avoidance of deed).

**3.** The statute provides:
Upon petition of [a trustee or beneficiary of a trust], the district or county court of the county wherein such trustee resides or has a place of business ... shall consider the application to confirm the appointment of the trustee and specify the manner in which the trustee shall qualify. Thereafter such district or county court, or the court to which jurisdiction is transferred, shall have jurisdiction of such trust as a proceeding in rem.

**4.** Minn.Stat. § 501.35 reflects the continuous nature of Minnesota state court trust jurisdiction. The statute provides that, once a trustee has been confirmed under Minn.Stat. § 501.33, the

trustee or beneficiaries may "petition the court then having jurisdiction of the trust" for instructions and other relief.

**5.** The statute provides:
Any trustee ... whose appointment has been confirmed, or any beneficiary of the trust, may at any time petition the court pursuant to section 501.35 for an order terminating the court's jurisdiction of the trust as a proceeding in rem.
Schroll recognized the state court's continuing control over the trust when she filed her petition for release of jurisdiction pursuant to Minn.Stat. § 501.351.

**6.** Schroll's children who were named co-trustees apparently recognized this fact. They initiated a proceeding in the Ramsey County District Court on August 30, 1989 to confirm their status as co-trustees. First Trust started this proceeding only after Schroll's children dismissed their proceeding.

**7.** Part of First Trust's petition could not have been brought initially in this court for an additional reason. First Trust petitions the state

holding in *In re Butler's Trust*, 201 F.Supp. 316, 317 (D.Minn.1962).

Other federal courts have remanded for lack of jurisdiction when in rem trust proceedings were removed and jurisdiction over the trust was challenged. *Florida First Nat'l Bank v. Bagley*, 508 F.Supp. 8, 10 (M.D.Fla.1980); *Glenmede Trust Co. v. Dow Chem. Co.*, 384 F.Supp. 423, 434 (E.D. Pa.1974). Similarly, courts have denied jurisdiction over in rem trust proceedings brought originally in the federal court when state courts had previously exercised continuing jurisdiction over the trust. *Buck v. Hales*, 536 F.2d 1330, 1331–32 (10th Cir.1976); *cf. Wilcoxson v. Security Bank & Trust Co.*, 516 F.Supp. 3, 4 (W.D. Okla.1980) (federal in rem trust jurisdiction found where state court had "finally and completely" closed the trust action). *Contra Barnes v. Brandrup*, 506 F.Supp. 396, 400–01 (S.D.N.Y.1981) (Connecticut probate courts have jurisdiction over trusts only when matter is pending); *see Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285 (1939).

The cases cited by Schroll as contrary authority are distinguishable for a variety of reasons. As noted before, she relies on in rem actions which were removed from state court but which did not involve trusts or continuing state court jurisdiction. *E.g.*, *Ladson v. Kibble*, 307 F.Supp. 11 (S.D.N.Y. 1969) (attachment of insurance policy). She also relies on in rem trust actions which were brought to federal court on appeal rather than by removal. *E.g.*, *May v. May*, 167 U.S. 310, 17 S.Ct. 824, 42 L.Ed. 179 (1897) (appeal from District of Columbia trust action). Schroll does cite federal actions in which diversity jurisdiction was exercised over trust disputes which apparently were in rem, but these cases are of questionable relevance since no challenge to jurisdiction over the trust was raised in them and Minnesota law was not applied. *E.g.*, *Sternberg v. St. Louis Union Trust Co.*, 66 F.Supp. 16 (E.D.Mo.1946), *aff'd*, 163 F.2d 714 (8th Cir.), *cert. denied*, 332 U.S. 843, 68 S.Ct. 267, 92 L.Ed. 414 (1947).

Schroll also contends that the doctrine regarding conflicting in rem actions does not apply to this proceeding because it is in personam rather than in rem. She characterizes the dispute as a personal dispute over who will be trustee and asserts that no jurisdiction over the trust corpus is involved.

This proceeding is in rem. The nature of the proceeding is determined by looking to the petition brought by First Trust rather than by Schroll's characterization. *See Caterpillar, Inc.*, 482 U.S. at 392, 107 S.Ct. at 2429–30. An action is in rem where its object "is to reach and dispose of property ... or of some interest therein." *Smith v. Smith*, 123 Minn. 431, 144 N.W. 138 (1913). First Trust's petition seeks a determination of who controls the trust as trustee and instructions regarding how the timberlands should be managed and what its responsibilities are as trustee or former trustee. It also asks the state court to maintain jurisdiction over the property until an accounting can be conducted. First Trust's petition is directed at control of the trust corpus and is in rem. *See, e.g., Buck*, 536 F.2d at 1332; 1A J. Moore, W. Taggart, A. Vestal, J. Wicker & B. Ringle, *Moore's Federal Practice*, pt. 2, ¶ 0.214, at 2359 (2d ed.1989). Accordingly, this court lacks jurisdiction and the proceeding should be remanded to state court.

■ Even if this court had jurisdiction over this proceeding, it would not be appropriate to exercise that jurisdiction. The Ramsey County District Court has supervised the trust for over forty years and has extensive familiarity with the trust and trust law. That court continues to supervise closely related trusts with jointly owned assets. In addition, this proceeding involves issues which are intimately related to other proceedings pending in the state court. The circumstances of this action therefore warrant abstention. *See Bassler v. Arrowood*, 500 F.2d 138, 142–43 (8th

court to retain jurisdiction over the Schroll Trust, particularly over the timberlands, even if First Trust is removed as trustee. This court

could not assume jurisdiction over the trust or compel the state court to retain jurisdiction as requested.

Cir.1974), *cert. denied,* 419 U.S. 1116, 95 S.Ct. 796, 42 L.Ed.2d 815 (1975).

First Trust is not entitled to attorneys' fees or costs.

Accordingly, based upon the above, and all the files, records, and proceedings herein, IT IS HEREBY ORDERED that:

1. The January 3, 1990 motion of Maud Hill Schroll for leave to file a surreply brief is dismissed.

2. The motion of First Trust National Association to remand is granted and this proceeding is remanded to Ramsey County District Court, Minnesota. First Trust's request for attorneys' fees is denied.