Gerry PEARCE, Plaintiff,

v.

GENERAL AMERICAN LIFE INSURANCE CO., Defendant.

No. 77–715C(3).

United States District Court,
E. D. Missouri, E. D.

Sept. 24, 1981.

Bruce Nangle, Clayton, Mo., for plaintiff.

Joseph M. Kortenhof, Kortenhof & Ely, St. Louis, Mo., for defendant.

Bryan, Cave, McPheeters & McRoberts, J. Joseph Schlafly, III, St. Louis, Mo., for McDonnell Douglas Corp. (non-party).

## MEMORANDUM

FILIPPINE, District Judge.

This matter is before the Court on remand from the Court of Appeals, for further proceedings with respect to Counts IV and V. The Court of Appeals determined that plaintiff's coverage under three McDonnell Douglas Corporation (McDonnell) group policies terminated automatically on November 14, 1970, the date of plaintiff's automobile accident. The Court of Appeals found, therefore, that the premiums under these policies should have been considered waived as of that date. The Court of Appeals further found that the defendant had designated McDonnell as its agent for the receipt of premiums, and that the defendant is liable for any erroneous deductions of premiums by McDonnell.

▪ Thus, with respect to Count IV, the Court of Appeals remanded for a determination of the amount of premiums wrongfully withheld by McDonnell.* This Court concludes, on the basis of plaintiff's exhibit 34, that plaintiff has established that McDonnell deducted the sum of $711.56 from the vacation pay check prepared for plaintiff in October of 1973. Although plaintiff had special accident coverage with another insurance company as well as with defendant, plaintiff's exhibits 3 and 6 show that the weekly premium for the coverage with defendant elected by plaintiff for himself and his wife was $2.38, the amount deducted for special accident coverage on plaintiff's exhibit 34. The Court concludes that, with respect to Count IV, plaintiff is entitled to recover $711.56, plus interest at the rate of 9% per annum on that amount from November 1, 1973.

▪ Turning to Count V, the Court observes that the elements of fraud under Missouri law are the following:

* The Court of Appeals also indicated that this Court should determine whether the withheld premiums were ever received by defendant. However, in view of the fact that the Court of

[A] representation; its falsity; its materiality; the speaker's knowledge of the falsity or his ignorance of its truth; the speaker's intent that his statement should be acted upon by the person and in the manner reasonably contemplated; the hearer's ignorance of the falsity of the statement; his reliance on its truth; his right to rely thereon; and his consequent and proximately caused injury.

*St. Louis Union Trust Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 562 F.2d 1040, 1054 (8th Cir. 1977), *cert. denied* 435 U.S. 925, 98 S.Ct. 1490, 55 L.Ed.2d 519 (1978), (quoting *Ackermann v. Keeney-Toelle Real Estate Co.,* 401 S.W.2d 483, 488 (Mo.1966)). The evidence relating to Count V was sketchy, at best. Mrs. Pearce testified that she had conversations with McDonnell representatives during the first couple of months after her husband's return to the United States (in December, 1970), concerning plaintiff's entitlement to benefits that plaintiff had accrued as a result of his injury. Mrs. Pearce also testified that Mr. Plein told her that everything, including plaintiff's "income," would be taken care of. However, no particular time frame was established for this conversation. The deduction itself from plaintiff's accrued vacation pay was not made until 1973.

There was no showing that McDonnell representatives knew or had reason to know that the deduction was improper. The Court of Appeals has determined that the deduction was improper, but this Court finds that plaintiff has not shown that McDonnell employees had reason to know that that was the case. For all that has been shown, McDonnell employees had the honest but mistaken belief that the deductions were proper. "An honest mistake of law is not evidence of fraud." *Sternberg v. St. Louis Union Trust Co.,* 163 F.2d 714, 718 (8th Cir.), *cert. denied* 332 U.S. 843, 68 S.Ct. 267, 92 L.Ed. 414 (1947).

Appeals indicated that defendant is answerable for McDonnell's acts, it would appear to be irrelevant whether defendant ever actually received the withheld premiums.

Accordingly, judgment will be entered for defendant on Count V.