WILLIAM E. KIRSCH AND ANOTHER v.
M. O. KAHN, JR., AND ANOTHER.

149 N. W. (2d) 676.

March 31, 1967—No. 40,309.

*Erickson, Zierke, Kuderer & Utermarck,* for appellants.
*Seifert, Johnson & Hand,* for respondents.

MURPHY, JUSTICE.

This is an appeal from orders of the district court denying specific performance of a contract for the purchase of land on the ground that the vendors failed to provide marketable title. The issue is whether the vendors acquired valid title to real estate purchased under a deed from the trustees of a testamentary trust who failed to qualify under provisions of Minn. St. 525.504, which relates to qualification of trustee by a court of competent jurisdiction prior to the discharge of the representative in probate court, and § 501.33, which makes provision for confirmation of appointment of trustee in the district court.

From the record it appears that Marcus E. Teeter, by his last will and

testament, left in trust all of his real and personal property including land involved in this litigation. The will was admitted to probate and on September 30, 1957, the final decree of distribution was entered assigning the real estate to the trustees for the purposes set forth in the will. The executors of the estate were the same persons as the trustees. On July 13, 1959, the probate court discharged the trustees as representatives of the estate. The trustees by warranty deeds executed in July and November 1964 conveyed the land to William E. Kirsch, one of the vendors and plaintiffs in this action. In August 1964 Kirsch leased the premises to defendants, M. O. Kahn, Jr., and Reg E. Reipke, d.b.a. Reipke Motors, giving them an option to purchase. By letter dated July 30, 1965, defendants gave notice of their intent to exercise the option to purchase. In September 1965 plaintiffs tendered an abstract and warranty deed which defendants then refused to accept on the asserted ground that plaintiffs did not have good title because of the failure of plaintiff William Kirsch's grantors to qualify as trustees pursuant to statute.

It is conceded that the trustees did not qualify prior to their discharge as representatives of the estate, as provided by § 525.504. That statute, so far as applicable here, provides:

"* * * When any bequest or devise to a testamentary trustee amounts to more than $1,000, the representative may not be discharged [by probate court] until a trustee is qualified in a court of competent jurisdiction and until proof of the qualification and a receipt by the trustee are filed, unless the will contains a waiver of qualification * * *."

It is also conceded that at no time did the trustees or any beneficiary of the trust apply to the district court for confirmation of appointment. Section 501.33 provides:

"Upon petition of any person appointed as trustee of an express trust by any will or other written instrument, or upon petition of any beneficiary of such trust, the district court of the county wherein such trustee resides or has his place of business, shall consider the application to confirm the appointment of the trustee and specify the manner

in which he shall qualify. Thereafter such district court shall have jurisdiction of such trust as a proceeding in rem."

The trial court's finding was essentially to the effect that these statutory provisions are designed for the protection of the beneficiaries of the trust estate and are accordingly mandatory and jurisdictional. Plaintiffs on the other hand contend that, as applied to the facts in this case, the statutory provisions are procedural and not substantive in nature and that the failure of the trustees to qualify amounts at most to a mere irregularity which in no wise affects the title which came to the grantors through a will, the probate of which resulted in a final decree of distribution which was a judgment in rem and removed all contingencies of probate.

The application of the statutes quoted must be viewed in light of the trust instrument from which the trustees derived their interest and powers. The instrument recites:

"They shall hold, manage, control, invest and reinvest my said estate in such manner as they shall deem for the best interest of said estate, and my said Trustees are hereby given and shall have full and ample rights, powers and authority to do any and everything that shall in their judgment be necessary or advisable to conserve, protect, manage, handle and control said estate, including the right to lease, sell, convey, exchange, invest and reinvest and to execute any and all contracts, deeds, leases, releases and any and all other instruments which said Trustees may deem necessary to the execution of the trust, as fully and for all purposes as I might or could do, if living and acting in the premises, and without aid or authority of any Court, and without the necessity of any purchaser or lender seeing to the application of the purchase money, or the money loaned."

It should be noted that this instrument conveys to the trustees title to the premises in question, with broad powers including the power of sale "without aid or authority of any Court." It seems to us that the testamentary devise is sufficiently broad to constitute an express waiver of the requirement that the trustees qualify in the district court as a condition to the representatives' being discharged.

■ It is not necessary to discuss at length nor attempt to harmonize the innumerable authorities of this court which deal with the subject of marketable titles. 20 Dunnell, Dig. (3 ed.) §§ 10023 to 10026. It is sufficient to note only that we are confronted not with a fact question but with the legal status of plaintiffs' muniments of title. We noted in Ladd v. Weiskopf, 62 Minn. 29, 38, 64 N. W. 99, 102, 69 L. R. A. 785, that—

"* * * where courts have refused to compel specific performance on the ground of doubt on a question of law arising upon the construction or legal effect of record muniments of title, it has been where not only was the doubt a grave one, but where there were interested parties not before the court, and consequently not bound by its decision, who might afterwards subject the vendee to vexatious and expensive litigation."

In Hedderly v. Johnson, 42 Minn. 443, 445, 44 N. W. 527, 528, we noted that there was no hard-and-fast rule to determine when a doubt raised upon a question of law is to be deemed reasonable and that the doubt should not stand in the way of enforcing specific performance unless the doubt is one which is "fairly debatable" or "one upon which the judicial mind would hesitate before deciding it." The criteria suggested by the Iowa court in Holliday v. Arthur, 241 Iowa 1193, 44 N. W. (2d) 717, 24 A. L. R. (2d) 1302, are similar to those expressed in our authorities and add that the court need not pass upon the merits of the objections urged to the title unless they have been definitely determined by the court or "are so clear as to not generate a doubt." Where the objection does not raise a grave doubt or one upon which the judicial mind would hesitate before deciding it, the policy of the courts, as suggested by Mr. Justice Mitchell in Ladd v. Weiskopf, *supra,* and followed in the more recent case of Stacey v. Taylor, 196 Minn. 202, 264 N. W. 809, has been to take in hand the construction of the law or questioned records and grant or refuse specific performance "according as they [find] the title good or bad." 62 Minn. 38, 64 N. W. 102. Under the circumstances in this case, it is not suggested, as in Hubachek v. Maxbass Security Bank, 117

Minn. 163, 134 N. W. 640, that there are outstanding rights of third parties to whose claims the purchaser may be subjected by future litigation and upon which the court is not competent to pass. We accordingly follow the stated policy of this court and conclude that the objections raised are not such as to generate a doubt which might cause a court to hesitate in passing upon the marketability of the title. Our determination is influenced by legal principles hereinafter stated.

■ In considering the assertion of defendants that failure to qualify under §§ 525.504 and 501.33 impaired the marketability of the title, it should be observed that, while a representative and a trustee both fall within the broad class of fiduciaries and many of their functions are similar, an executor or administrator is an officer of the court who can act safely only with the court's sanction or approval. A trustee, on the other hand, derives his authority from the settlor and in the absence of statute, which we do not find applicable here, or conduct amounting to bad faith or abuse of discretion, he is not normally subject to judicial control. A testamentary trust is independent of any probate proceeding and comes into being after the estate is distributed and closed.

■ In considering the function of the probate court in the administration of an estate and the force of its decree of distribution, it should be observed that the proceeding is one in rem and that the decree of distribution is binding on everyone interested in the estate if the decree covers a subject over which the court has jurisdiction. Under such circumstances the decree is res judicata and, whether right or wrong, the decision is binding unless reversed or modified on appeal or in a direct proceeding. The authorities in support of this principle are fully gathered and discussed in Bengtson v. Setterberg, 227 Minn. 337, 35 N. W. (2d) 623.

■ It should further be conceded that statutory law is not designed to bar a testator's right to provide measures for the guidance and authority of his trustee. The right to make a will includes the right of the settlor to choose his trustee and, with limited exceptions, to provide for the details of control and management of the trust not incon-

sistent with statutory or other policy of the law. It is an elementary principle that the terms of a will govern in the absence of conflicting statutory policy, which we do not find here. 19 Dunnell, Dig. (3 ed.) § 9893.

■ The force of Minn. St. 501.33 must be appraised in the light of its language. That statute provides in part that the district court "shall consider the application to confirm the appointment * * * and specify the manner" in which the trustee shall qualify. Accordingly, the district court does not acquire jurisdiction until a petition has been filed by the trustee or a beneficiary of the trust. The statute is permissive and not mandatory. While the statute provides for directions by the court upon request, there is no requirement of the law that the district court confirm the trustee's appointment.

■ As we view the policy of c. 501, which relates to the subject of trusts, it is not contemplated that courts will interfere with the rights and powers given to the trustee by the settlor. Section 501.17 provides that every valid trust "shall vest the whole estate in the trustee, in law and in equity, subject only to the execution of the trust; and the person for whose benefit the trust was created shall take no estate or interest in the lands but may enforce the performance of the trust in equity." Chapter 501 comprehends that the jurisdiction of the district court may be invoked under certain circumstances. In addition to the situation where the trust instrument provides that it shall be administered under supervision of the court, the jurisdiction of the court may be invoked by the trustee for his own protection (§ 501.35); where the beneficiary speaks to invoke the court's jurisdiction in order to secure a proper administration of the trust (§ 501.33); or where the trust powers are suspended by death, resignation, or removal of the trustee (§§ 501.41 to 501.44). We observed in In re Declaration of Trust by Bush, 249 Minn. 36, 81 N. W. (2d) 615, 82 N. W. (2d) 221, that the provisions of § 501.33 are "wholly *procedural*" but that, once a trustee has been confirmed under the provisions of that statute, the district court shall have jurisdiction thereafter as a proceeding in rem.

In applying the foregoing principles, we conclude that the record

fairly establishes that the plaintiffs derived marketable title by conveyances from the trustees and are accordingly entitled to specific performance.

Reversed.