**In the Matter of the Trusteeship Under the Last Will and Testament of Elmer GOLD, Deceased. Trust A and B.**

**No. C2–83–239.**

Supreme Court of Minnesota.

Jan. 13, 1984.

Denver Kaufman, Minneapolis, for Donald Gold, petitioner.

David R. Busch, Thomas S. Fraser, Minneapolis, for trustees Lloyd Kummer, Ray Kirkorn and Doris Gold.

TODD, Justice.

The petitioner Donald Gold appeals from the order of the Morrison County District Court denying his petition for confirmation of the trustees of two trusts, created by his father, the decedent Elmer Gold. We affirm in part and reverse and remand in part.

The will of Elmer Gold, deceased, established two typical marital deduction trusts. The three trustees named in the will included Doris Gold, the testator's wife and stepmother of the petitioner. The appointment of the three trustees has not been judicially confirmed.

By its terms, Trust A granted to Doris Gold a life interest in its income and authorized the two other trustees to invade principal as necessitated to provide for Doris' general welfare. Doris was granted a general testamentary power of appointment over the trust corpus explicitly "effective upon her death" and to be exercised "by her will." Her failure to exercise the power would result in the addition, upon her death, of the corpus of Trust A to the corpus of Trust B.

Trust B similarly granted to Doris a life interest in its income and authorized the other trustees to invade principal "only after the principal of Trust A is exhausted" for the care, maintenance and support not only of Doris, but also of the testator's children, the petitioner and Doris' natural son Douglas. The remainder of Trust B was to be distributed to the testator's children.

On November 27, 1979, Doris Gold executed a document entitled "Agreement Exercising Power of Appointment" which appoints her estate as the recipient of the principal and accumulated interest of Trust A at the time of her death. It was her stated intention that the proceeds be distributed either pursuant to the terms of her will or, if no valid will exists, by intestate succession. The petitioner is not an heir to that estate.

The trustees have provided the petitioner with annual accountings of Trust B but only Doris Gold, as present income beneficiary, has received annual accountings of

Trust A. The petitioner's requests for the accounts of Trust A were denied by the trustees on the basis of their assessment of the remoteness of his interest and the practical probability that the interest, if any, had been extinguished by Doris' exercise of the power of appointment.

The unsuccessful attempts to obtain accountings of Trust A prompted the commencement of this action for confirmation of the three trustees. Minn.Stat. § 501.33 (1982). The petitioner alleged that the trustees had not properly allocated income taxes between the two trusts, that improper administration of the trusts jeopardized his remainder interest in Trust B and that his review of accounting statements of both trusts was necessary to a protection of his interest. Finally, the petitioner claimed that Doris' purported exercise of the power did not affect his remainder interest in Trust A because the power is not effective until her death and is limited to exercise by will.

The trial court held that, as Doris had effectively exercised her power of appointment in favor of her estate, the petitioner was no longer a possible beneficiary of Trust A and therefore lacked standing to petition for confirmation of the trustees of Trust A. In denying the petition for confirmation with regard to Trust B, the trial court concluded that the petitioner could adequately protect his substantial remainder interest by an inspection of the accounting statements provided to him. The court indicated that reconsideration of the denial might be appropriate in the event the trustees withheld accounting information regarding Trust B from the petitioner. This appeal followed.

■ 1. The petitioner contends that Minn.Stat. § 501.33 (1982) requires the trial court to grant the Trust B beneficiary's petition for confirmation of trustees and affords it discretion only with regard to the manner in which a trustee shall qualify for confirmation. That argument was specifically rejected in *Kirsch v. Kahn*, 276 Minn. 294, 300, 149 N.W.2d 676, 681 (1967), quoted in *LaBelle v. LaBelle*, 302 Minn. 98, 118, 223 N.W.2d 400, 412 (1974).

The fact that here the beneficiary of Trust B has alleged improprieties in the administration of the trust does not alter the discretionary nature of the court's authority. After the consideration of the petition, the trial court determined that the actions of the trustees in submitting accounting statements of Trust B provided adequate information by which the beneficiary could assess their conduct. No clear abuse of discretion has been shown and the decision in this regard is affirmed. Moreover, the trial court explicitly authorized a motion for reconsideration in the event the practice of providing accounting statements upon request was discontinued.

2. We then examine that portion of the trial court's decision which held that the petitioner lacked standing to petition for confirmation of the trustees of Trust A.

■ The power of appointment was created in the trust instrument and provided in pertinent part as follows:

> My said wife, Doris Gold, shall have, and I grant to her, the general power to appoint, effective upon her death, the entire corpus of the trust created by this Article free of the trust by her will * *.

The settlor's intent, as clearly expressed in this trust instrument, was the creation of a testamentary power of appointment. As such, that power remains ambulatory until the donee's death. *First National Bank of Minneapolis v. Commissioner of Taxation*, 250 Minn. 122, 84 N.W.2d 55 (1957). Moreover, the power granted expressly for exercise by will can be none other than a testamentary power, as neither the will nor any power exercised therein is effective until the testator's death. *In re Newton's Estate*, 35 Cal.2d 830, 221 P.2d 952 (1950).

■ The trial court's determinations that Doris Gold had exercised the power of appointment and that, as a result, the petitioner was no longer a possible beneficiary of Trust A were therefore premature and a denial of the petition for confirmation on those bases was erroneous.

Minn.Stat. § 501.33 (1982) authorizes any beneficiary of a trust to petition for confir-

mation of its trustees. The statute makes no distinction between vested and contingent beneficiaries. Therefore, although the petitioner's interest in Trust A is wholly contingent upon the failure of Doris Gold to exercise her general testamentary power of appointment and the nonexhaustion of the trust corpus during Doris' lifetime, he is nonetheless a beneficiary entitled upon reasonable cause to apply to the court to have his interest properly secured. *In re Trust under Will of Schultz*, 215 Minn. 313, 9 N.W.2d 773 (1943).

The matter is therefore remanded to the trial court for further proceedings upon the petition for a confirmation of the trustees of Trust A. In that regard, the district court shall independently consider the petitioner's entitlement to monitor the management of Trust A either as a contingent beneficiary of Trust A or for the protection of his remainder interest in Trust B.

Affirmed in part; reversed and remanded in part.