Karon KOLLES, Trustee for the heirs of Danny Charles McLean, Respondent,

Maryann McLean, Trustee for the heirs of Danny Charles McLean, Appellant,

Heirs of Danny Charles McLean, Respondent,

v.

Gary Spencer ROSS, defendant and third party plaintiff, Respondent,

v.

Richard CABRERA, as Personal Representative of the Estate of Danny Charles McLean, third party defendant, Respondent.

No. C7–87–925.

Court of Appeals of Minnesota.

Jan. 26, 1988.

Review Denied March 30, 1988.

Robert W. Gislason, Gislason, Martin & Varpness P.A., Barbara J. Gislason, Minneapolis, for Karon Kolles.

Gary L. Manka, Brian L. Sobol, Katz, Davis & Manka, Ltd., Minneapolis, for Maryann McLean.

Ernest A. Lindstrom, Minneapolis, for Heirs of Danny Charles McLean.

Michael B. Lebaron, Minneapolis, for Gary Spencer Ross.

Thomas O. Albers, Bloomington, for Richard Cabrera.

Heard, considered and decided by PARKER, P.J., and FOLEY and WOZNIAK, JJ.

## OPINION

FOLEY, Judge.

This appeal arises from a wrongful death action. The trial court ordered distribution of the $250,000 settlement offer in equal shares to the surviving spouse and next of kin. The trial court denied the surviving spouse's motion to vacate the approved settlement or to modify the order to reflect a distribution of at least $200,000 in favor of herself. The trial court also denied the motion of respondent Karon Kolles to remove appellant Maryann McLean as co-trustee and her counsel as co-counsel because of conflict of interest. We affirm.

## FACTS

The facts are not in dispute. This action arises out of a motor vehicle accident that occurred on August 28, 1982, which resulted in the death of Danny Charles McLean. At the time of his death, decedent was 35 years of age and employed as a machine tool operator. Decedent's W–2 earnings for the four years immediately preceding his death are as follows:

| | |
|---|---|
| 1979 | $ 8,353 |
| 1980 | $14,138 |
| 1981 | $17,265 |
| 1982 ($12,129 actual) annualized to $18,193 | |
| Average | $14,487.25 |

At the time of his death, decedent had been married to McLean, his second wife, for approximately five weeks. McLean was 36 years old, in good health, owned her own home prior to her marriage to decedent, was employed full-time and had never been dependent upon decedent for her support.

Decedent's heirs include McLean and his three children by his first wife: Danielle, age 16, Tara, age 13, Megan, age 9, who live in Texas with their mother, Diane Louise McLean.

Kolles, who is not related to the decedent, and Maryann McLean were appointed by the trial court as co-trustees on August 26, 1983. On June 12, 1986, McLean petitioned the court for distribution of the proceeds of a partial settlement negotiated between herself and respondent Gary Spencer Ross for McLean's exclusive benefit. Kolles objected and moved the court to accept the $250,000 settlement offer. The trial court denied McLean's motion for partial distribution, denied Kolles motion to remove McLean as co-trustee, and accepted

the $250,000 settlement offer as full and complete settlement of the wrongful death action.

On June 13, 1986, McLean moved the court to vacate the approved settlement or, in the alternative, modify the order to reflect distribution in an amount of at least $200,000 in her favor. Kolles again moved the court to remove McLean as co-trustee and to remove the law firm of Katz, Lange, Davis and Manka as co-counsel for petitioners. By order dated August 11, 1986, the trial court denied McLean's motion to vacate, denied the motions of Kolles, ordered the co-trustees to execute general releases and dismissals with prejudice to fully compromise and settle all claims on behalf of the heirs against Ross and continued the matter for a distribution pursuant to Minn. Stat. § 573.02 (1986).

On December 15, 1986, the trial court issued an order for distribution. On January 13, 1987, McLean moved the court for amended findings of fact, conclusions of law and order for distribution or, in the alternative, a new hearing. By order dated February 26, 1987, McLean's motions were denied. Judgment was entered on April 7, 1987.

## ISSUES

1. Did the trial court err in approving the $250,000 settlement offer?

2. Did the trial court err by distributing the settlement proceeds in equal shares to decedent's three minor children and his surviving spouse?

3. Did the trial court abuse its discretion by failing to remove McLean and/or her counsel for conflict of interest?

## ANALYSIS

1. *Approval of the $250,000 Settlement Offer*

McLean contends that the trial court erred in approving the $250,000 settlement for the following reasons: lack of jurisdiction; improvident settlement; and denial of due process.

McLean asserts Minn.Stat. § 573.02 gives the trial court jurisdiction to approve distribution of a settlement agreed upon by the parties, not jurisdiction to approve a settlement when all the parties do not agree.

Minn.Stat. § 501.33 (1986) provides in part:

Upon petition of any person appointed as trustee * * * the district or county court * * * shall consider the application to confirm the appointment of the trustee and specify the manner in which the trustee shall qualify. Thereafter such district or county court, or the court to which jurisdiction is transferred, shall have jurisdiction of such trust as a proceeding in rem.

Once a trustee has been confirmed under the provisions of Minn.Stat. § 501.33, the district court shall have jurisdiction thereafter as a proceeding in rem. *Kirsch v. Kahn*, 276 Minn. 294, 300, 149 N.W.2d 676, 681 (1967). McLean and Kolles were confirmed co-trustees on August 26, 1983. Under *Kirsch*, the court had jurisdiction from that date.

Next, McLean contends even if she agreed to the $250,000 settlement, it must be vacated because the amount is inadequate. There is no merit to this claim. In *Keller v. Wolf*, 239 Minn. 397, 58 N.W.2d 891 (1953), the Minnesota Supreme Court held:

Plaintiff's likelihood of being able to establish a right of recovery against defendants must also be taken into consideration. * * * Plaintiff's prospects regarding proof of negligence and contributory negligence *must* be considered and evaluated in determining whether a particular settlement was provident.

*Id.* at 403, 58 N.W.2d at 896 (emphasis in original).

The $250,000 settlement, conservatively invested at 10% would produce an annual interest income of $25,000. Decedent's average earnings were only $14,500 per year. Further, liability has not been conceded.

In addition, McLean argues the trial court's "foisting of a settlement upon [her]

over her objections has effectively denied her access to the Minnesota Court and have denied her due process of law." It is McLean's position the trial court ordered the settlement offer to be accepted "with absolutely no facts before it as to the merits of the claims of the parties, the liability thereof, the nature of the beneficiaries or their pecuniary loss," and that the trial court's order "appeared to be motivated more by a philosophy of competition and rivalry in case reduction statistics in Hennepin County District Court than reasoned process of law."

■ This claim is without merit. The record indicates McLean has never filed a notice of disqualification, affidavit of prejudice, or any other document suggesting the trial judge was not a fair and impartial tribunal. Further, McLean had two separate opportunities to present whatever facts she deemed relevant before two different and experienced trial court judges. On both occasions, the trial court had before it pleadings, discovery (including depositions and affidavits) and briefs.

### 2. *Distribution of the Settlement*

McLean argues the court's distribution of the settlement offer in equal shares to decedent's three minor children and surviving spouse was contrary to the evidence. It is McLean's position that she is entitled to a greater portion of the settlement because the children lived 1,500 miles from decedent and, with the exception of the one-month summer visits, had limited contact with decedent in the form of letters and one or two telephone calls per month.

Further, McLean contends decedent's children deserve less of the settlement because they only have a vague memory of their father and, therefore, the children's pecuniary loss was less than it would have been had their contact with decedent been greater. McLean contrasts the children's pecuniary loss with hers, asserting she suffered the loss of decedent's day-to-day companionship, services, attention and care. Finally, McLean argues the trial court's distribution was arbitrary and the result of passion.

■ The trial court's distribution of the settlement offer in equal shares to decedent's three minor children and surviving spouse was not contrary to the evidence. Under the Wrongful Death Act, the proceeds of a recovery are to be distributed among the surviving spouse and next of kin "proportionate to the pecuniary loss severally suffered by death." Minn.Stat. § 573.02, subd. 1 (1986). Pecuniary loss is not limited strictly to loss of income:

> "In *Fussner v. Andert*, 261 Minn. 347, 113 N.W.2d 355 (1962), we expanded the concept of 'pecuniary loss' to include loss of advice, comfort, assistance, and protection which the jury might find to be of pecuniary value and which the survivor could reasonably have expected if the decedent had lived."

*Rath v. Hamilton Standard Division of United Technologies Corp.*, 292 N.W.2d 282, 284 (Minn.1980) (quoting *Gravley v. Sea Gull Marine, Inc.*, 269 N.W.2d 896, 901 (Minn.1978)).

Upon consideration of a factual situation similar to this case, the *Rath* court found:

> [T]he support years formula [set forth by Judge Hatfield in "Distribution of Funds Recovered in a Wrongful Death Action," Bench and Bar, March 1966] provides a satisfactory starting point for the distribution of the proceeds of wrongful death cases. However, the formula should not be taken to restrict the ability of district courts to consider other relevant factors in allocating awards of settlements. Such factors might include the nature of the person's relationship with the decedent, the extent to which the decedent had supported the person in the past, or whether the person is now employed or supported by another person.

*Id.* at 285–86.

In arriving at its distribution award, the trial court stated:

> The Court's efforts to utilize, except in a most general way, the support-years formula produced a result that failed to compensate the children even remotely for the loss of their father either in a strictly pecuniary way or when viewed in

the light of their loss 'above and beyond [their] actual monetary dependence.' *Rath* * * * at 285. * * *

The Court thus used the support years formula as a starting point in deciding the proper distribution, but has found that formula of limited usefulness in the context of the facts of the case before it. The $250,000 settlement could in no way compensate for all of the 'pecuniary loss' to the four entitled to share in the settlement. * * * Since all the pecuniary loss could not be compensated for from the settlement funds, the Court necessarily had to determine the proportionate loss of each entitled person. In determining that proportion, the Court considered factors enumerated in *Rath*, 292 N.W.2d at 286.

1) Nature of the person's relationship with decedent:

Megan, Tara and Danielle McLean are all daughters of decedent. Although they now live in Texas, decedent maintained a close relationship with each of them and provided advice, comfort and assistance as well as child support and gave them the hope of help with educational expenses in the future.

Maryann McLean was the decedent's wife for 36 days.

2) The extent to which the decedent has supported the person in the past:

Megan, Tara and Danielle were all receiving child support from the decedent to which they were legally entitled until majority.

Maryann McLean had not received any past support from the decedent.

3) Whether the person is now employed or supported by another person:

Megan, Tara and Danielle all live with and are supported by their mother to the best of her ability.

Maryann McLean has a full-time job which fully supports her.

Although a strict view of the support years formula would dictate a greater proportionate recovery for Maryann McLean, the other factors in this case militate against such a division. Given all the factors of this case, the Court believes an equal division of the settlement is the only fair and equitable approach.

As the trial court properly approved the $250,000 settlement offer and properly ordered distribution in equal shares to each of decedent's beneficiaries, it is unnecessary to reach the issue of whether the trial court erred in failing to approve the partial distribution McLean requested.

### 3. *Removal of McLean as Co-Trustee*

Kolles seeks review of the trial court's order denying her motion to remove McLean as co-trustee and McLean's counsel as co-counsel because of conflicts of interest and breach of legal, equitable and fiduciary duties. Kolles argues the trial court erred in refusing to remove McLean as a co-trustee because McLean attempted to negotiate a separate settlement with Ross without the consent of the other co-trustee and because McLean caused the trust to sustain a loss of earnings on the proceeds of a court-ordered settlement by refusing to execute a general release.

■ McLean did try to negotiate a separate settlement for herself. However, McLean, her counsel and defendant Ross all misunderstood that the right to bring a wrongful death action or to negotiate a settlement is purely statutory. See *Beck v. Groe*, 245 Minn. 28, 34, 70 N.W.2d 886, 897 (1955). Minn.Stat. § 573.02 (1986) provides in part:

Subdivision 1. When death is caused by the wrongful act or omission of any person or corporation, the *trustee* appointed as provided in subdivision 3 may maintain an action therefor * * *. * * * The recovery * * * shall be for the exclusive benefit of the surviving spouse and the next of kin * * *.

* * * * * *

Subd. 3 Upon written petition by the surviving spouse or one of the next of kin, the court having jurisdiction of an action falling within the provisions of subdivisions 1 or 2, shall appoint a suitable and competent person as trustee to

commence or continue such action and obtain recovery of damages therein. (Emphasis added.)

The statute is clear. While the surviving spouse or the next of kin may petition the court for the appointment of a trustee, once the trustee is appointed it is the trustee who has the exclusive right to maintain the action or to negotiate a settlement for the benefit of the next of kin.

The meaning to be attached to the word "trustee" was made clear in *Loegering v. County of Todd*, 185 F.Supp. 134 (D.Minn. 1960), *aff'd* 297 F.2d 470 (8th Cir.1961). *Loegering* involved a wrongful death action in which the jurisdiction of the district court was challenged for lack of diversity. It was argued the citizenship of the heirs and not the citizenship of the trustee was to be used to establish diversity. In determining it had jurisdiction, the *Loegering* court explained the meaning of "trustee" in the Minnesota wrongful death statute as follows:

> Prior to 1951, the Minnesota wrongful death statute provided for the bringing of such suits by the executor or administrator of the estate. Under this former law, it was clear that the executor or administrator was the *only one* who could properly bring the action as plaintiff. At least to some extent, he was the real party in interest. It appears that the Trustee under the amended wrongful death statute occupies a comparable position and that the purpose of the 1951 amendment was mainly to permit the appointment of a representative by the District Court in which the wrongful death action is instituted, and thus to obviate the necessity of requiring the qualification of an administrator in the Probate Court.

*Id.* at 136 (citations omitted) (emphasis added).

In this case, McLean had only one right as a surviving spouse: the right to petition the court for the appointment of a trustee. Once McLean was appointed a co-trustee, she had no separate individual right to bring an action or to negotiate a settlement for her exclusive benefit. Her right and duty was that of a trustee, to act as a fiduciary for all the next of kin.

The trial court did not abuse its discretion by failing to remove McLean as co-trustee and McLean's counsel as co-counsel for conflict of interest. The trial court reasoned:

> The court has denied the Kolles' motions to remove McLean as co-trustee, and to disqualify and remove her counsel because it has concluded that the position taken by and on behalf of McLean was not taken willfully, but rather as the result of a misunderstanding of the powers, duties and obligations of the trustee(s) when a wrongful death action is commenced.

Kolles also contends McLean must make restitution to the trust for the losses of investment income resulting from failure to execute the releases as ordered by the court. However, Kolles failed to raise the issue before the trial court.

> A reviewing court must limit itself to a consideration of only those issues that the record show were presented and considered by the trial court in declining the matter before it.

*Thayer v. American Financial Advisers, Inc.*, 322 N.W.2d 599, 604 (Minn.1982) (citing *Thompson v. Barnes*, 294 Minn. 528, 200 N.W.2d 921 (Minn.1972)).

Furthermore, Ross refused to release any monies from the settlement until he received complete releases from all parties. Given the current posture of this case, it is apparent that such releases could not be obtained. Therefore, Kolles' claim is without merit.

## DECISION

Affirmed.