**In re the Matter of the WRONGFUL DEATH OF Harold E. CARLSON.**

No. C0-88-291.

Court of Appeals of Minnesota.

Aug. 23, 1988.

* Acting as judge of the court of appeals by ap-

Robert J. Milavetz, Barbara Nilva Nevin, Milavetz and Associates, P.A., Crystal, for appellant Kenneth Carlson.

Michael Unger, Hvass, Weisman & King, Minneapolis, for respondent Jody Carlson.

Robert K. Randall, Patrick W. Parmater, Randall, Parmater & Neveaux, Wayzata, for respondent Francis Sullivan.

Heard, considered and decided by LANSING, P.J., and LOMMEN,* and SCHULTZ*, JJ.

## OPINION

HAROLD W. SCHULTZ, Judge.

Kenneth Carlson appeals an order rescinding his trusteeship and appointing his sister, respondent Jody Carlson, trustee for the heirs of their father, Harold Carlson, in a wrongful death action. Appellant claims the trial court abused its discretion by substituting respondent as trustee because the court (1) failed to make adequate findings

pointment pursuant to Minn. Const. art. 6, § 2.

regarding the suitability or competency of either party and (2) relied on insufficient grounds to support his removal. We affirm.

## FACTS

On January 21, 1985, Harold Carlson was killed in a Galaxy Airlines crash in Reno, Nevada. Harold Carlson was survived by his four children, including appellant Kenneth and respondent Jody Carlson, a granddaughter, his mother, and a brother.

On July 5, 1985, appellant, through his attorneys, petitioned for appointment as trustee to act on behalf of his sisters and niece in a wrongful death action. No notice of the petition was given to the other heirs, no waiver of notice was filed and no hearing was held. By order filed that same day, the court appointed appellant as trustee upon the filing of an oath of trustee and a bond in an amount left blank. No oath of trustee was filed at that time and a bond was never filed.

In January 1987, shortly before expiration of a two-year statute of limitation, appellant commenced a wrongful death action in U.S. District Court of Nevada. Appellant commenced this action on behalf of himself, as trustee and individually, with his grandmother named as a separate plaintiff.

Appellant's pleadings in Nevada, however, were defective. Unlike Minnesota, Nevada law provides a wrongful death cause of action to the heirs at law, which include only the children, and not to the next of kin, such as the decedent's mother and brother. Further, Nevada law makes no provision for proceeding by "trustee" and requires each individual heir at law to maintain a separate action. Thus, by failing to name the other heirs individually and improperly naming the next of kin mother, appellant effectively commenced suit in Nevada on behalf of only himself as an heir.

In October 1987, appellant's counsel attempted settlement, but it did not meet with the ultimate approval of all family members. In December 1987, respondent retained her current counsel and notified appellant's counsel of this fact in a letter dated December 18. Respondent immediately filed a petition to appoint her as trustee on December 21.

According to a letter dated December 22 from appellant's counsel to Galaxy Airlines' counsel, appellant authorized his counsel to propose another settlement on behalf of all family members. The language of the proposed settlement indicated it was conditional upon the court's approval. This correspondence was copied only to appellant and not to the other family members. On December 31, 1987, a week before the hearing on respondent's petition for trustee appointment, appellant filed his oath of trustee.

On January 12, 1988, the court rescinded appellant's trusteeship and appointed respondent as sole trustee of the heirs and next of kin of Harold Carlson. The court relied on "the past handling of this matter and the apparent need to protect the potential claims of all of the next-of-kin and heirs other than Kenneth Carlson." In this regard, the court referenced the problems in the Nevada action and the immediate need to commence suit in Minnesota before our three-year statute of limitations expired:

It appears that Kenneth Carlson has commenced a wrongful death action in federal court in Nevada, both for himself and in a representative capacity as Trustee for his sisters, Cheryl Carlson, Mary Kay Carlson and Jody Carlson. Under Nevada law and procedure, however, each of the four children have their own separate claim for damages. Counsel for the Carlson sisters intends to seek amendment of the Nevada pleadings so as to make explicit in the caption of the case that each sister asserts her own claim under Nevada law. The Nevada statute of limitations has passed; however, under the Federal Rules such a proposed amendment may well relate back for purposes of satisfying this statute of limitations. Nonetheless, since the status of the Nevada action remains uncertain, petitioner wishes to commence a protective action here in Minnesota before the Minnesota period of limitations expires later this month. Such a wrong-

ful death action also would preserve the claims of those next-of-kin who may not have a right of recovery under Nevada law.

The court also referenced appellant's recent settlement attempt, explaining:

It also appears that Kenneth Carlson, acting as Trustee, has recently attempted to settle the claims of all heirs and next-of-kin without agreement of all the heirs or a full opportunity to have considered the views of those who object to the present settlement offer.

The court therefore stated:

[T]he Court finds that it would be in the best interests of the family if Jody Carlson were substituted as Trustee so that she may commence a wrongful death claim in Minnesota. In the event that the claims of the three sisters may be pursued in Nevada, the Court will, upon notice, entertain a request to substitute a Trustee in Minnesota so that the contemplated action in Minnesota may be continued on behalf of the decedent's mother and brother, who apparently have no claim under Nevada law.

The court further ordered respondent to post a $50,000 bond, which was filed January 14, 1988. This appeal followed.

## ISSUE

Did the trial court abuse its discretion in substituting respondent as trustee?

## ANALYSIS

Minnesota permits a wrongful death action only through a trustee appointed "for the exclusive benefit of the surviving spouse and next-of-kin." Minn.Stat. § 573.02, subd. 1 (1986). That statute further provides:

Upon written petition by the surviving spouse or one of the next of kin, the court * * * shall appoint a suitable and competent person as trustee to commence or continue such action and obtain recovery of damages therein. The trustee, before commencing duties shall file a consent and oath. Before receiving any money, the trustee shall file a bond as

security therefor in such form and with such sureties as the court may require. *Id.*, subd. 3 (1986). The appointment of a trustee is within the discretion of the trial court. *Regie De L'Assurance Automobile Du Quebec v. Jensen*, 399 N.W.2d 85, 89 (Minn.1987).

■ Appellant first argues the trial court abused its discretion by failing to make findings regarding the suitability and competency of either party. Failure to make findings, however, should be raised before the trial court and cannot be raised for the first time on appeal. *Nelson v. Nelson*, 291 Minn. 496, 497, 189 N.W.2d 413, 415 (1971).

■ Appellant next argues the trial court relied on insufficient grounds to support his removal. Although appellant claims the trial court improperly relied on irregularities regarding his trustee appointment, our review of the trial court's order indicates the court relied only on his legal errors in the Nevada action and recent settlement attempt.

To support his argument that his legal errors in the Nevada action are insufficient grounds for removal, appellant relies on *In re Appointment of Trustee for the Heirs of Larsen*, 306 Minn. 364, 237 N.W.2d 371 (1975). In *Larsen*, the supreme court held a trustee's failure to name the driver of the car killing the deceased was insufficient to show the trustee was not suitable and competent. *Id.* at 369, 237 N.W.2d at 374–75. The trustee there, however, did name the owner of the car, who appeared the only financially responsible person in the case. *Id.* The trustee's error, therefore, was inconsequential in that case. *See also Matter of the Will of Gershcow*, 261 N.W.2d 335 (Minn.1977) (trial court did not abuse its discretion in refusing to remove trustee for inconsequential deviations from legal requirements when rights of all beneficiaries were adequately protected and no prejudice to trust corpus was shown).

In this case, appellant's errors were not inconsequential. Had respondent not acted when she did to attempt to cure the Nevada action's defects and to initiate suit in Minnesota before our limitation period ex-

pired, respondent and the other heirs and next of kin may have lost their claims entirely.

Similarly, the family members were completely deprived of any input into the recent settlement attempt initiated by appellant after notice of respondent's separate representation and petition for trustee appointment. We are aware a court does have jurisdiction to approve a settlement when all the parties do not agree. *Kolles v. Ross*, 418 N.W.2d 733, 735 (Minn.Ct.App. 1988), *pet. for rev. denied* (Minn. Mar. 30, 1988). But here, the family members were not even afforded the opportunity to disagree. The trial court, therefore, properly relied on appellant's past handling of this matter and apparent need to protect the potential claims of all concerned in finding respondent's appointment was in the family's best interests.

## DECISION

The trial court did not abuse its discretion in substituting respondent as trustee.

Affirmed.