**In the Matter of the APPOINTMENT OF A TRUSTEE FOR THE HEIRS OF Eugene Ernest BODEKER, Decedent.**

No. C5–02–1816.

Court of Appeals of Minnesota.

May 20, 2003.

Michael M. Fluegel, Amy J. Doll, Fluegel, Helseth, McLaughlin, Anderson & Brutlag, Morris, MN, for appellant co-trustee Jill Tuttle.

Richard H. Breen, Breen & Person, Brainerd, MN, for respondent co-trustee Angeline Bodeker.

Considered and decided by HARTEN, Presiding Judge, PETERSON, Judge, and HALBROOKS, Judge.

## OPINION

PETERSON, Judge.

In this appeal from an order in a wrongful-death action affirming the settlement of respondent co-trustee's claims against the tortfeasor and his insurer, appellant co-trustee argues that under Minn.Stat. § 573.02, subd. 1 (2002), the district court may not approve a settlement that addresses the claims of a surviving spouse but does not address the claims of all of the next of kin. Appellant also argues that the district court abused its discretion when it denied her motion to remove respondent as a co-trustee. We reverse and remand.

## FACTS

Eugene Bodeker (Bodeker) was killed in November 2001 when the vehicle he was driving was struck by a vehicle driven by Donald A. Bjelland. At the time of his death, Bodeker was married to respondent Angeline Bodeker. Bodeker also had three adult children from a previous marriage. Appellant Jill Tuttle is one of Bodeker's adult children.

On April 18, 2002, respondent was appointed as trustee to maintain a cause of action under Minn.Stat. § 573.02 (2002), the wrongful-death statute. Shortly after respondent was appointed trustee, appellant and her siblings received an April 22, 2002, letter from respondent's attorney, which stated:

You recently received an Order Appointing [Respondent] as trustee for the heirs.[1] Our office has been retained and is handling the damage claim. If and when settlement is obtained, it will be a lump sum and then the Court will determine distribution of that lump sum according to the relationship and losses by the individuals. Usually that is settled and agreed upon between the parties, but when we get to that point, if there is no agreement, the Court will have a hearing at which time evidence of relationship can be given to the Judge so he can make that determination. You will be contacted in plenty of time prior to any such hearing date.

We are just entering the initial process of gathering information about the accident, loss of income and other damages to submit to the insurance company.

After several weeks passed without respondent's attorney communicating further with appellant or her siblings, appellant contacted an attorney with questions about the handling of a wrongful-death action. The attorney wrote to respondent's attorney and asked for a report on the status of any negotiations or pleadings that had been filed. Respondent's attorney replied with a letter that described the status of negotiations with Bjelland's insurer. The letter also stated:

I have sent quite a bit of material to the insurance company through the last several months. Enclosed is a copy of a settlement brochure that was submitted to them. It is my understanding that contact with [Bodeker's] own children through the last several years has been rather limited. Any information your clients could supply as to their contact with their father over the last several years which would go to monies provided or advice, comfort, assistance and protection would be something that we would include in a supplemental to the insurance company. We are advised that there is $750,000 in coverage and, as you see, our initial demand is for that amount.

Respondent's attorney also enclosed a copy of a demand letter that had been sent to the claims adjuster for Bjelland's insurer demanding the $750,000 policy limit. The letter stated that Bodeker had three children from a first marriage, but it did not identify the children by name or include any information about them. Appellant's attorney became concerned because the demand letter did not mention pecuniary damages suffered by the surviving children, and he began gathering information related to their claim for damages. He also informed respondent's attorney

---

1. All of the siblings stated in affidavits that the first notice they received that a trustee was being appointed was the April 22, 2002, letter from respondent's attorney and that respondent's attorney later mailed them copies of the order of appointment.

that he would be providing the information.

Before appellant's attorney provided respondent's attorney with any information about the surviving children's damages, respondent twice reduced the demand to Bjelland's insurer. Because he was concerned that the interests of the surviving children were being ignored, appellant's attorney petitioned to have appellant appointed as a co-trustee. Respondent consented to the appointment, and appellant was appointed as co-trustee.

Appellant's counsel sent a demand letter to Bjelland's insurer withdrawing respondent's unapproved demand and asserting a new demand for the claims of all of decedent's next of kin. The insurer did not respond to appellant's demand. On September 5, 2002, without prior notice or consultation, appellant's attorney received a fax correspondence from respondent's attorney stating:

We have decided to settle separately on [respondent's] claim. It was settled for $237,500.

[Bodeker's] children's claim remains open.

Respondent then petitioned the district court for distribution of the settlement proceeds. Appellant filed a motion in opposition to the petition for distribution of the settlement proceeds and to remove respondent as a co-trustee. The district court ordered:

1. That the Trustee accept the sum of $237,500 in full settlement of all claims of liability of [respondent] as against the driver, Donald A. Bjelland, and his insurer * * *.

2. That the Trustee shall execute any and all releases, receipts and any other documents necessary to accomplish acceptance of these funds and the release of said claim.

The district court also ordered the trustee to distribute the $237,500 in specific amounts to respondent and her attorney, and the ordered distributions were made and releases were provided. The district court's order did not explicitly deny appellant's motion to remove respondent as a co-trustee, but in the memorandum that accompanied the order, the district court stated,

This Court is unconvinced that removal of [respondent] and her attorney would allow for a more equitable outcome to the ongoing negotiations of the three adult children.

## ISSUES

1. Are the issues in this appeal moot?

2. Did the district court err when it approved the settlement that respondent negotiated for her exclusive benefit and ordered the distribution of the settlement proceeds?

3. Did the district court abuse its discretion by failing to remove respondent as a co-trustee?

## ANALYSIS

 1. Respondent argues that because appellant failed to file a supersedeas bond to stay the district court's order during this appeal, the distributions ordered by the district court were made, and releases were signed. Therefore, respondent contends, because she is now willing to resign as trustee, the issues in this appeal are moot.

The posting of a supersedeas bond or a request for stay on other grounds is not required for an appeal to be perfected or proceed. However, because the order or judgment that is the subject of the appeal is not generally stayed automatically, a matter may, in some circum-

stances, become moot while the appeal is pending.

Minn. R. Civ.App. P. 108.01, 1998 advisory comm. cmt.

It is well settled that if, pending an appeal, an event occurs which makes a decision unnecessary, the appeal will be dismissed as presenting a moot question. *Sprenger v. Jacobs,* 305 N.W.2d 747, 748 (Minn.1981) (citations omitted). "If the court is unable to grant effectual relief, the issue raised is deemed to be moot resulting in dismissal of the appeal." *In re Schmidt,* 443 N.W.2d 824, 826 (Minn.1989) (citation omitted).

The fact that the distributions ordered by the district court have been made and releases have been provided does not make a decision in this appeal unnecessary. Appellant contends that under Minn.Stat. § 573.02, subd. 1 (2002), a district court may not order the distribution of settlement proceeds in a wrongful-death action when the settlement addresses only the claims of the surviving spouse and leaves the remaining next of kin to pursue their claims separately. The claims of the remaining next of kin have not been resolved, which makes it necessary to decide whether the claims of the surviving spouse and the claims of the remaining next of kin can be pursued separately. It is also necessary to decide whether the district court erred when it declined to remove respondent as a co-trustee because, although respondent has stated that she is willing to resign her appointment as a trustee, she has not resigned.

Also, the fact that the distributions have been made and releases have been provided does not mean that this court is unable to grant appellant effectual relief. Appellant wants to pursue the claims of the surviving spouse and all of the next of kin in a single action. If the order approving the settlement of the surviving spouse's claims is reversed, the settlement would not be approved, and a trustee could then pursue the claims of the surviving spouse and all of the next of kin. The distributions that have occurred might make the ultimate resolution of the claims more complicated, but at this time, there is no basis to conclude that this court could not grant appellant the relief that she seeks.

■ 2. Appellant argues that as a trustee appointed to maintain a wrongful-death action under Minn.Stat. § 573.02, subd. 1, respondent had no right to negotiate a settlement for her exclusive benefit, and therefore, the district court's approval of respondent's settlement and the distribution of the settlement proceeds were not permitted by the statute.

Statutory construction is a question of law, which this court reviews de novo. *Brookfield Trade Ctr., Inc. v. County of Ramsey,* 584 N.W.2d 390, 393 (Minn.1998).

When interpreting a statute, we first look to see whether the statute's language, on its face, is clear or ambiguous. A statute is only ambiguous when the language therein is subject to more than one reasonable interpretation.

*Am. Family Ins. Group v. Schroedl,* 616 N.W.2d 273, 277 (Minn.2000) (citation and quotation omitted).

Minn.Stat. § 573.02, subd. 1, provides:

When death is caused by the wrongful act or omission of any person or corporation, the trustee appointed as provided in subdivision 3 may maintain an action therefor if the decedent might have maintained an action, had the decedent lived, for an injury caused by the wrongful act or omission. * * * The recovery in the action is the amount the jury deems fair and just in reference to the pecuniary loss resulting from the death, and shall be for the exclusive benefit of the surviving spouse and next of kin,

proportionate to the pecuniary loss severally suffered by the death. The court then determines the proportionate pecuniary loss of the persons entitled to the recovery and orders distribution accordingly.

This statute is clear on its face. It permits a trustee to bring a cause of action to recover the entire pecuniary loss suffered by the surviving spouse and next of kin as a result of a decedent's death. Then, the court determines the pecuniary losses suffered by the surviving spouse and each of the next of kin as a result of the death and determines the proportionate share of the total recovery that each of the survivors is entitled to recover. Finally, the court orders the distribution of each survivor's proportionate share.

This court concluded in *Kolles v. Ross,* 418 N.W.2d 733, 738 (Minn.App.1988), *review denied* (Minn. Mar. 30, 1998), that a trustee in a wrongful-death action has no right to negotiate a settlement for her exclusive benefit. In *Kolles,* as in the present case, the decedent was survived by his widow and by three children from a previous marriage. *Id.* at 734. The surviving widow was appointed a co-trustee under the wrongful-death statute and negotiated a partial settlement for her exclusive benefit. *Id.* at 734. She petitioned the court for distribution of the proceeds of the partial settlement, and the other co-trustee moved to remove the surviving widow as co-trustee. *Id.* The district court denied both motions. *Id.* In reviewing the district court's denial of the motion to remove the surviving widow as a co-trustee, this court explained:

> The statute is clear. While the surviving spouse or the next of kin may petition the court for the appointment of a trustee, once the trustee is appointed it is the trustee who has the exclusive right to maintain the action or to negotiate a settlement for the benefit of the next of kin.

*Id.* at 738. This court explained further:

> In this case, [the surviving spouse] had only one right as a surviving spouse: the right to petition the court for the appointment of a trustee. Once [the surviving spouse] was appointed a co-trustee, she had no separate individual right to bring an action or to negotiate a settlement for her exclusive benefit. Her right and duty was that of a trustee, to act as a fiduciary for all the next of kin.

*Id.*

■ Here, the district court concluded that because Bjelland's insurance policy limit is $750,000, distributing the $237,500 partial settlement would not prevent appellant and her siblings from negotiating their claims with Bjelland's insurer, and therefore, they were not prejudiced by the distribution. But it is irrelevant whether the distribution was prejudicial to the next of kin because "the right to bring a wrongful death action or to negotiate a settlement is purely statutory." *Id.* at 737. And under the statute, respondent had no separate individual right to negotiate a settlement for her exclusive benefit. Her right and duty as a trustee was to act as a fiduciary for all the next of kin.

■ 3. Appellant argues that respondent should be removed as a co-trustee because she did not act in the best interests of the next of kin. The district court declined to remove respondent because it was "unconvinced that removal of [respondent] and her attorney would allow for a more equitable outcome to the ongoing negotiations of the three adult children."

■■ The appointment of a trustee is within the discretion of the district court. *In re Wrongful Death of Carlson,* 427 N.W.2d 752, 754 (Minn.App.1988).

The trustee should not have interests conflicting with those entitled to a recovery, and should be removed if not acting in the best interests of the heirs and next of kin. The appointment of a trustee under Minn.Stat. § 573.02 is an exercise of the fundamental legal principle that those entitled to recovery * * * shall be represented by the trustee without compromise.

*Ortiz v. Gavenda,* 590 N.W.2d 119, 123–24 (Minn.1999) (citations omitted).

Respondent argues that she and her counsel represented all claimants until they were told that the adult children wanted appellant as a trustee and their own counsel presenting their case. Respondent contends that she agreed to all of the adult children's requests and that the settlement of her case did not cause prejudice. She also contends that appellant did not provide her with information about the adult children's claims, which limited her ability to represent the children.

The record supports the district court's finding that both appellant and respondent contributed to the lack of information during the negotiations. But mutual responsibility for the lack of information does not alter the fact that even though respondent knew about the adult children's claims, she settled her personal claim and left the adult children to pursue their claims separately.

In *Kolles,* this court concluded that the district court did not abuse its discretion by failing to remove the surviving widow as a co-trustee and to remove and disqualify her counsel after she negotiated a partial settlement for her exclusive benefit. 418 N.W.2d at 738. But this court's conclusion in *Kolles* was based on a determination by the district court that the position taken by the surviving widow

was not taken willfully, but rather as the result of a misunderstanding of the powers, duties, and obligations of the trustee(s) when a wrongful death action is commenced.

*Id.*

Unlike *Kolles,* the record in this case demonstrates that respondent's separate settlement of her personal claim was not the result of a misunderstanding of the obligations of a trustee in a wrongful-death action. Respondent's attorney's April 22, 2002, letter to the adult children stated:

If and when settlement is obtained, it will be a lump sum and then the Court will determine distribution of that lump sum according to the relationship and losses by the individuals. Usually that is settled and agreed upon between the parties, but when we get to that point, if there is no agreement, the Court will have a hearing at which time evidence of relationship can be given to the Judge so he can make that determination. You will be contacted in plenty of time prior to any such hearing date.

This letter demonstrates that respondent's attorney correctly understood the procedure to be followed in a wrongful-death action. But despite this apparent understanding that any settlement would be for a lump sum that would be distributed among all the claimants and respondent's awareness that the adult children were asserting claims, respondent agreed to a partial settlement that resolved only her claims. In doing so, respondent breached her fiduciary duty to act in the best interests of the next of kin. Because respondent breached her fiduciary duties as a trustee, the district court abused its discretion when it declined to remove her as a trustee. *See In re Carlson,* 472 N.W.2d at 755 (affirming removal of trustee where he attempted to settle wrongful-death action without agreement or input of all the heirs).

## DECISION

As a trustee in a wrongful-death action, respondent had no right to negotiate a separate settlement for her exclusive benefit, and the district court erred when it approved the settlement and ordered the distribution of the settlement proceeds. The district court abused its discretion by failing to remove respondent as a co-trustee after she breached her duty to act as a fiduciary for all the next of kin by negotiating a settlement for her exclusive benefit.

**Reversed and remanded.**